**Ex parte Patricia Louise Hope HALL, Relator.**

No. 05–92–01464–CV.

Court of Appeals of Texas, Dallas.

Aug. 12, 1992.

Mikelle A. Calhoun, Lawrence R. Lassiter, Johnson & Gibbs, P.C., Dallas, for appellant.

George T. Connell, Jr., Frisco, Arlene Keros, Plano, Betty Ann Caton, McKinney, for appellee.

Before STEWART, MALONEY and WIGGINS, JJ.

## OPINION

WIGGINS, Justice.

Relator Patricia Louise Hope Hall seeks relief by writ of habeas corpus from an order holding her in contempt of a temporary injunction. The trial court found her in contempt on three counts and assessed punishment at twenty-four hours' confinement on each count. The terms of confinement were to run consecutively, for a total of seventy-two hours. For the reasons given below, we deny the writ and remand Ms. Hall to the custody of the Sheriff of Collin County, with instructions to him to determine, in his sole discretion, whether she should be allowed good-conduct credit.

The order of contempt is entirely punitive; it punishes Ms. Hall for violating the temporary injunction but provides no condition by which she can purge herself and obtain her early release. *See Ex parte Johns,* 807 S.W.2d 768, 771 (Tex.App.—Dallas 1991, orig. proceeding). We quote the paragraphs imposing punishment in their entirety:

> IT IS ORDERED that punishment for each separate violation is assessed at a fine of *$50.00* and confinement in the county jail of Collin County, Texas, for a period of *24 hours.*

> IT IS THEREFORE ORDERED that [Ms. Hall] is committed to the county jail of Collin County, Texas, for a period of 24 ~~days~~ *hours* [1] for each separate violation enumerated above.

> IT IS FURTHER ORDERED that each period of confinement assessed herein shall run and be satisfied consecutively.

At the same time that the trial court judge signed the order of contempt, he executed the writ of commitment. The writ recites in pertinent part:

> PATRICIA LOUISE HOPE HALL IS CONFINED IN THE COLLIN COUNTY JAIL FOR THE PERIOD OF 24 HOURS FOR EACH SEPARATE VIOLATION ENUMERATED IN THE ATTACHED

---

1. The original draft order prepared for the judge's signature had "___ days" typewritten here. The trial court judge struck out the word "days" and handwrote the word "hours," and then inserted "24" into the blank. As the discussion below suggests, he may have done so in the mistaken belief that good-conduct credit cannot be allowed for a sentence for a term of hours, as opposed to a sentence for a term of days.

CERTIFIED COPY OF THE ORDER HOLDING [Ms. Hall] IN CONTEMPT AND FOR COMMITMENT TO COUNTY JAIL.

72 HOURS EXPIRES FRIDAY 6/26/92 @ 3 P.M.

The judge signed the writ of commitment. At approximately 3:00 p.m. on June 23, 1992, the Sheriff of Collin County took Ms. Hall into custody.

Ms. Hall's attorneys asked the sheriff to consider awarding Ms. Hall good-conduct credit toward her sentence in accordance with article 42.032 of the Texas Code of Criminal Procedure. The sheriff, however, expressed concern that the notation on the writ of commitment stated that Ms. Hall's sentence was to expire on June 26 at 3:00 p.m. The morning after Ms. Hall was taken into custody, on June 24, the sheriff spoke directly with the trial court judge, who told the sheriff to keep Ms. Hall in custody for the full seventy-two hours. The sheriff concluded that the judge "would not release" Ms. Hall any sooner. The sheriff also gave Ms. Hall's attorneys a copy of an attorney general's opinion, which, he claimed, said that a prisoner who was sentenced to seventy-two hours (as opposed to one who was sentenced for three days) could not receive good-conduct credit towards the sentence. For those reasons, the sheriff believed that he could not release Ms. Hall from custody until 3:00 p.m. on June 26.

■ The Texas Code of Criminal Procedure provides that the sheriff "may grant commutation of time for good conduct, industry, and obedience" to any inmate in the county jail. TEX.CODE CRIM.PROC.ANN. art. 42.032, § 2 (Vernon Supp.1992).

> A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences or periods of confinement served as conditions of probation if a charge of misconduct has not been sustained against the prisoner.

*Id.* We note at the outset that, if Ms. Hall were to be given good-conduct credit according to this calculation, she has already served more than two days of her sentence, so that she would be eligible for immediate release. Both the Texas Supreme Court and the Texas Court of Criminal Appeals have held that good-conduct credit is available to one being held in criminal contempt. *See Ex parte Acly,* 711 S.W.2d 627, 628 (Tex.1986); *Ex parte Daniels,* 722 S.W.2d 707, 711–12 (Tex.Crim.App.1987). Because Ms. Hall was taken into custody under an order holding her in criminal contempt, she is eligible for good-conduct credit.

The attorney general's opinion upon which the sheriff apparently relied does not suggest otherwise. *See* Op.Tex.Att'y Gen. No. JM–107 (1983).[2] The attorney general was asked whether a jail sentence of seventy-two hours might be treated like a sentence of three days, and he concluded that they should not be treated the same. The attorney general reasoned that words must be given their ordinary meaning unless a technical or artistic meaning is apparent either from legislative definition or particular usage. He specifically mentioned that some sentences were intended to be served during off-work hours or weekends. A prisoner sentenced to a three-day period of confinement, with work release, would serve three nights in jail, while a prisoner sentenced to a seventy-two-hour period of confinement, with work release, would serve four-and-a-half nights in jail. The eight hours a day normally spent at work would not prolong a sentence of three calendar days, but would be included in calculating time served. On the other hand, a sentence calculated in hours would not be reduced by using the eight hours of the normal working day as a credit. It is true that the opinion concludes with some generalizations:

> [W]e cannot conclude that a 72 hour sentence may be treated as three days; therefore, an individual serving a 72 hour sentence must be released upon expira-

**2.** The attorney general is an executive officer of the State, and his opinions are advisory in nature. *Glimpse v. Bexar County,* 160 S.W.2d 996, 998 (Tex.Civ.App.—San Antonio 1942, writ ref'd). We discuss it, nonetheless, to assure the sheriff that we see nothing in it indicating that Ms. Hall cannot be awarded good-conduct credit.

tion of that period.... [W]e believe it reasonable to release an individual as close to the seventy-second hour as is practicable.

*Id.* But the attorney general's opinion does not address the issue of good-conduct credit and appears not even to contemplate any difference between awarding such credit to a prisoner sentenced to a term of days as opposed to one sentenced to a term of hours. For reasons discussed below, we attach no significance to the fact that the calculation of good-conduct credit provided in article 42.032, section 2 refers only to days and not to hours. We conclude that nothing prohibits the sheriff, as a matter of law, from awarding Ms. Hall good-conduct time.

■■■ We turn now to the sheriff's concern that the trial court judge "would not release" Ms. Hall until she had served her full seventy-two hours. Again, both the Texas Supreme Court and the Court of Criminal Appeals have held that the decision whether to give good-conduct credit rests solely in the discretion of the sheriff for prisoners in his custody held in the county jail. *Acly*, 711 S.W.2d at 627–28; *Daniels*, 722 S.W.2d at 712. A trial court judge has no authority to place a limit on the operation of article 42.032 by fixing the time for the discharge of a sentence. *See Kopeski v. Martin*, 629 S.W.2d 743, 745 (Tex.Crim.App.1982). Indeed, the trial court judge's attempt to influence the sheriff, a member of the executive branch, in carrying out the terms of Ms. Hall's sentence may violate the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, § 1; *cf. Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1987) (op. on reh'g).[3] We conclude that any attempt by the trial court to prevent the sheriff

from awarding Ms. Hall good-conduct credit is void, and the sheriff should completely disregard such efforts. In so concluding, we expressly do not reach the question of the trial judge's intent in communicating with the sheriff; it is enough that the sheriff perceived the judge's statement as an order prohibiting him from awarding Ms. Hall good-conduct credit.

For this reason, we also conclude that the designation of Ms. Hall's term of confinement as "seventy-two hours" rather than "three days" is immaterial to the issue of whether she is entitled to good-conduct credit. To say that a judge could do indirectly, by choice of vocabulary, what he cannot do directly elevates form over substance. As the attorney general's opinion relied upon by the sheriff points out, there may be times when it is appropriate to define a sentence in terms of hours, *e.g.*, where sentences are served during off-work hours or weekends, Op.Tex.Att'y Gen. No. JM–107 (1983), where a certain amount of community service has been imposed, *see Braden v. Downey*, 811 S.W.2d 922, 930 (Tex.1991), or when counseling has been ordered. *Cf.* TEX.FAM.CODE ANN. § 14.50(d)(1)(C) (Vernon 1986) (obtaining counseling as a condition for probation of a commitment order). In all such instances, however, the sentence served is intended to be discontinuous so that, as a practical matter, the sentence cannot be defined in terms of days, but must be defined in terms of hours. In this case, the trial court judge intended Ms. Hall to serve her sentence continuously, without interruption, from June 23, beginning around 3:00 p.m., through June 26 at 3:00 p.m. If the trial court judge defined the sentence in terms of hours to prevent the sheriff from releasing Ms. Hall sooner than the judge intend-

---

**3.** *Rose* concerned the constitutionality of the legislatively mandated jury instruction on parole law. As a result of a constitutional amendment addressing that narrow concern, the unconstitutionality found in *Rose* has been cured. *See Oakley v. State*, 830 S.W.2d 107 *passim* (Tex. Crim.App.1992). Nevertheless, the general principle remains that any attempt by one department of government, in this case the judicial branch, to interfere with the powers of another, in this case the executive branch, is null and void. *See Rose*, 752 S.W.2d at 534.

We are aware that, in certain narrow circumstances specified by statute, a finding of the trial court can determine whether a prisoner can receive good-conduct credit. *See, e.g.*, TEX.CODE CRIM.PROC.ANN. art. 42.18, § 8(b)(3) (Vernon Supp.1992) (an affirmative finding that the defendant used a deadly weapon precludes consideration of good-conduct time). In this case, however, we know of no statute that would result in any finding of the trial court precluding the sheriff from awarding Ms. Hall good-conduct credit.

ed, then he was impermissibly interfering with the sheriff's discretion to determine whether to allow Ms. Hall good-conduct credit. Otherwise, for purposes of determining whether a prisoner is entitled to good-conduct credit, we perceive no distinction between a sentence of seventy-two continuous hours and a sentence of three days.

We conclude that the Sheriff of Collin County had the sole discretion to determine whether Ms. Hall should be allowed good-conduct credit. When Ms. Hall's attorneys asked him to consider awarding it to her, he was under a duty to consider it. We state expressly that the sheriff was under no obligation to award Ms. Hall good-conduct time; he might have released her as much as thirty-six hours early, he might have kept her in custody for the full term of her sentence, or he might have released her at any time in between. Nonetheless, because the sheriff interpreted the trial judge's statements as preventing him from considering the possibility of awarding Ms. Hall good-conduct time, to that extent Ms. Hall's continued confinement is illegal.

There remains only the disposition of this proceeding. We cannot grant Ms. Hall's petition for writ of habeas corpus outright. To do so would require us to order her discharged without giving the sheriff an opportunity to consider awarding her good-conduct credit. We can no more interfere with the sheriff's discretion to award good-conduct credit than can the trial court. Accordingly, we deny Ms. Hall's petition for writ of habeas corpus. We order Ms. Hall, on her own recognizance, to report to the Sheriff of Collin County within twenty-four hours. We direct her attorneys, as officers of this Court, to ensure that she complies. When Ms. Hall reports to him, we direct the Sheriff of Collin County to carry out the legislative mandate and to determine, in his sole discretion, whether to award Ms. Hall good-conduct time towards her sentence. Once he has made that determination, he should take whatever action is appropriate.

Ms. Hall's petition for writ of habeas corpus is denied.