**Ex parte Robert Terry SUTER, Relator.**

**No. 01–95–01356–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 27, 1995.

Rehearing Overruled and Opinion Partially Withdrawn from Publication Feb. 13, 1996.

---

Shawn Casey, Houston, for Appellant.

Patsy Young, Houston, for Appellees.

Before HEDGES, TAFT and COHEN, JJ.

## OPINION

COHEN, Justice.

Relator asserts he is illegally restrained by two contempt orders of November 2, 1995. We grant habeas corpus relief. Relator and Ruth Marie (Suter) Smith were divorced on May 23, 1980. Relator was ordered to pay child support of $200 per month. On May 31, 1994, Smith moved for contempt, alleging relator had failed to pay from January 1, 1980, through May 15, 1994. Smith also sought judgment for the arrearage.

On August 31, 1994, the court denied the contempt relief requested because the divorce decree was vague, but it granted Smith a judgment for $65,598 child support arrearage and ordered relator to pay the judgment by making payments of $250 twice a month beginning September 1, 1994, and continuing until paid.

Following the trial court's September 7, 1994 execution of a clarified decree of divorce, Smith filed, on October 13, 1995, an amended motion for contempt, alleging that relator had not paid the September 1, 1994, to October 1, 1995 child support arrearage payments (27 payments of $250). Further, Smith alleged that relator had violated the September 7 clarified decree by failing to make $200 in child support payments during the period September 1, 1994, to October 1, 1995. Smith asked that relator be incarcerated for not more than six months for all the acts of contempt alleged in the amended motion.

On November 2, 1995, the trial court heard Smith's amended motion for contempt. Relator appeared pro se. The trial court did not instruct relator that he had a right to have the motion for contempt heard by a jury, and respondent concedes that relator did not waive his right to trial by jury.

On the day of the hearing, the trial court signed two orders. The first one found relator had violated the August 31, 1994 judgment by not making child support arrearage payments totaling $16,433.72 for the

period September 1, 1994, through November 1, 1995. In the first order, the trial court sentenced relator to confinement from November 2, 1995, to April 28, 1996,[1] a period of 178 days.

In the second order, the trial court found that in violation of the September 7, 1995 clarified decree, relator's child support arrearage was $300 for the period September 1, 1994, through November 1, 1995. As punishment, the trial court assessed relator's punishment at confinement in jail from April 28, 1996, to October 24, 1996,[2] a period of 180 days.

In his first point of error, relator asserts that the November 2, 1995 orders are void because they were procured in violation of his sixth amendment right to a trial by jury.

■ Contempt may be punished by six months in jail and a $500 fine for each separate violation. TEX.GOV'T CODE ANN. § 21.002 (Vernon 1988). Any sentence greater than six months is "serious." *Ex parte Werblud,* 536 S.W.2d 542, 547 (Tex.1976). A contemnor has a constitutional right to a jury trial on a "serious" charge of criminal contempt. *Ex parte Sproull,* 815 S.W.2d 250 (Tex.1991). Where aggregated sentences exceed six months, a jury is required, unless waived. *Ex parte McNemee,* 605 S.W.2d 353, 356 (Tex.Civ.App.—El Paso 1980, orig. proceeding), *disapproved on other ground, Huff v. Huff,* 648 S.W.2d 286, 289 (Tex.1983).

■ Smith had joined several charges of contemptuous conduct in one pleading, *i.e.,* allegations of relator's failure to make 27 child support arrearage liquidation payments in violation of the August 31, 1994 judgment and allegations of failure to make two payments of child support in violation of the September 7, 1994 clarified decree of divorce. It is permissible to join several allegations of contemptuous conduct in one pleading. TEX.

FAM.CODE ANN. § 157.003(a) (Vernon Pamph. 1996). However, where the contemptuous acts are treated as separate offenses and where no more than a six-month sentence is imposed for any single offense, which would normally be a petty offense triable without a jury, if the sentences are aggregated so as to run consecutively rather than concurrently (thus extending the jail term beyond that allowable for a petty criminal offense) the relator must be afforded a trial by jury, unless he waives it. *Ex parte McNemee,* 605 S.W.2d at 356. Here, the contemptuous acts of not paying the child support arrearages ordered in the August 31, 1994 judgment and the contemptuous acts of not paying the child support payments ordered by the September 7, 1994 clarified decree of divorce were treated as separate offenses, and the trial judge assessed consecutive sentences aggregately exceeding six months. It does not matter that the sentences are contained in two separate orders. Because relator neither had nor waived a jury trial, we grant relief and order relator discharged. *Ex parte Sproull,* 815 S.W.2d at 250.

■ Further, relator was deprived of his due process right to notice. By requesting that relator be confined for a period of no more than six months for "all of such acts of contempt" alleged in the first amended motion for contempt, relator had no notice that Smith was seeking his incarceration for a period longer than six months.

We need not address relator's other points of error.

We grant relief, order relator discharged, and order relator and his surety released from liability on their bond.

**1.** A trial judge has no authority to set an ending date on a contempt sentence because that denies the contemnor his right to be considered for "good time," a statutory credit he may receive as a reward for good behavior in jail. *Kopeski v. Martin,* 629 S.W.2d 743, 745 (Tex.Crim.App. 1982). Relator is entitled to be considered for "good time" credit on his criminal contempt sentence. *Ex parte Daniels,* 722 S.W.2d 707, 711–12 (Tex.Crim.App.1987); *Ex parte Acly,* 711

S.W.2d 627, 628 (Tex.1986); *Ex parte Hall,* 838 S.W.2d 674, 675 (Tex.App.—Dallas 1992, orig. proceeding); TEX.CODE CRIM.P.ANN. art. 42.032 (Vernon Supp.1995). The part of the order setting an ending date for relator's sentence is therefore void.

**2.** The order is void insofar as it sets an ending date. See footnote one.