Lee Andrew JONES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–02–01052–CR.

Court of Appeals of Texas, Houston (1st Dist.).

June 3, 2004.

C. Logan Dietz, Houston, John J. Davis, Angleton, for Appellant.

David Bosserman, Assistant Criminal District Attorney, Jeri Yenne, Criminal District Attorney, Jeffrey D. Kyle, Assistant District Attorney, Angleton, for Appellee.

Panel consists of Justices ALCALA, HANKS, and HEDGES.*

## OPINION

HANKS, Justice.

Appellant, Lee Andrew Jones, Jr., pleaded guilty to the Class A misdemeanor offense of theft by check. The trial court sentenced appellant to confinement for 180 days, suspended for 12 months' community supervision, and imposed a $200 fine. The State subsequently filed a motion to revoke community supervision. Appellant pleaded not true to the allegations in the State's motion to revoke community supervision, but the trial court found them true, revoked appellant's community supervision, and sentenced him to 180 days' confinement. In four points of error, appellant contends that the trial court erred in revoking his community supervision because (1) there was insufficient evidence to support a finding that appellant failed to report to the supervision officer, (2) there was insufficient evidence to support a finding that appellant failed to pay community supervision and restitution fees, (3) the trial court abused its discretion in finding that appellant failed to complete community service, and (4) the trial court exceeded its authority when it ordered confinement served day for day. We affirm as reformed.

## BACKGROUND

After appellant pleaded guilty to the theft by check offense, he received community supervision from the court. The trial court gave him the community supervision conditions in writing, and appellant acknowledged receipt of them with his signature. Among these conditions were that he:

D. Obey all rules, regulations, and policies of the Brazoria County Community Supervision and Corrections Department;

. . . .

H. Report to the Supervision Officer on this date and on the 14th day of each month during the period of this community supervision and at said time submit an accurately completed and signed Monthly Report to the Supervision Officer;

. . . .

R. Pay the following:

1. COMMUNITY SUPERVISION FEE of $40.00 per month during the term of your community super-

---

* The Honorable Adele Hedges, formerly Justice of the Court of Appeals, First District of Texas at Houston, became Chief Justice of the Court of Appeals, Fourteenth District of Texas at Houston on December 8, 2003 and continues to participate by assignment for the disposition of this case, which was submitted on December 1, 2003.

vision. Payments to be made on the 14th day of each month beginning September 1998.

2. COURT COSTS to be made payable through the Clerk of this Court.

3. FINE of $200.00 to be made payable through the Clerk of this Court.

. . . .

5. RESTITUTION of $1330.00 at $133.00 per month until paid in full, payments to be made on the 14th day of each month beginning September 1998, payable through the Brazoria County Community Supervision and Corrections Department of this County, to be paid to the victims in the respective sums of money as is listed in the Restitution Schedule . . . .

. . . .

V. Work faithfully, without compensation, at a Community Service Task assigned by the Court; specifically, work 80 hours at a rate of sixteen (16) hours per month.

Approximately one week before the expiration of appellant's one-year community supervision term, the State filed a motion to revoke community supervision alleging that appellant failed to (1) report and submit a monthly report to his community supervision officer from September 1998 to March 1999 in Brazoria/Harris County, (2) pay a community supervision fee of $40 per month from November 1998 to March 1999, (3) pay court-ordered restitution, and (4) perform community service.

The trial court held a hearing on the motion to revoke community supervision. Sarah Grisby, appellant's assigned supervision officer, testified that, because appellant lived in Harris County, he was required to report to the Brazoria County office by mail until Harris County accepted supervision over him. This arrangement also required that appellant submit his monthly report and community supervision and restitution fees to Brazoria County. Appellant was not required to perform any community service hours until Harris County began its supervision of him. Grisby testified that appellant never reported as required. Grisby never received reports from appellant; appellant did not report anywhere for his community supervision or abide by any of the conditions of his community supervision; and Harris County did not accept supervision of appellant and returned his files because he failed to report.

The trial court entered an order revoking appellant's community supervision and stated that appellant (1) failed to report, (2) failed to pay his community supervision fees, (3) failed to pay his restitution, and (4) did not complete his court-ordered community service. The trial court also ordered that appellant's jail time be served on a "day for day basis." [1]

### Failure to Report

In his first point of error, appellant contends that the evidence is legally insufficient to support the finding that he "failed to report."

■ We review an order revoking community supervision under the abuse-of-discretion standard. See Cardona v. State, 665 S.W.2d 492, 493–94 (Tex.Crim.App. 1984). To support an order of revocation, the State must prove a violation of a condition of community supervision by a pre-

1. "Day for day" means that a defendant must serve his entire sentence with no expectation of parole or any other form of early release.

See Ex parte Retzlaff, 135 S.W.3d 45, 54 (Tex. Crim.App.) (Hervey, J. dissenting).

ponderance of the evidence. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980); *Greathouse v. State*, 33 S.W.3d 455, 458 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The State's burden of proof is satisfied if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as alleged by the State. *Solis v. State*, 589 S.W.2d 444, 447 (Tex.Crim.App.1979). If the State fails to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke community supervision. *Greathouse*, 33 S.W.3d at 458. Proof of a single violation will support a community supervision revocation order. *See Sanchez v. State*, 603 S.W.2d 869, 871 (Tex.Crim.App. 1980); *Marcum v. State*, 983 S.W.2d 762, 766–67 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). The trial court alone determines the witnesses' credibility and the weight to be given to their testimony. *See Naquin v. State*, 607 S.W.2d 583, 586 (Tex.Crim.App.1980).

■ Appellant argues that Grisby failed to explain to appellant how and when he should report for his community supervision.

Appellant received a written copy of his conditions of community supervision providing that he was required to report monthly to his supervising officer, and appellant acknowledged receiving the written conditions. Moreover, Grisby testified that she instructed appellant to report to her in Brazoria County by mail until Harris County accepted supervision of him. Grisby explained to appellant how to report to her by mail for three to four months until Harris County received his paperwork. Grisby expected to receive three to four reports from appellant, but she never received any reports. We hold that the trial court did not abuse its discretion when it found that the State proved, by a preponderance of the evidence, that appellant failed to report to his supervision officer.

■ Within his first point of error, appellant also argues that the trial court improperly delegated its authority to the community supervision officer to allow appellant to report by mail. We disagree.

■ Article 42.12 of the Code of Criminal Procedure allows the supervision officer to require appellant to report by mail. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 § 11(a)(4) (Vernon Supp.2004) (providing that the trial court may order a person on community supervision to "[r]eport to the supervision officer and obey all rules and regulations of the community supervision and corrections department"). A trial court may provide the community supervision officer with some discretion concerning the particular terms of community supervision. *See Pierce v. State*, 67 S.W.3d 374, 377 (Tex.App.-Waco 2001, pet. ref'd).

The trial court gave appellant his conditions of community supervision, ordering that he report monthly to his supervision officer. The supervision officer merely directed appellant to report to Brazoria County community supervision department until Harris County accepted him. Grisby testified that appellant knew to report by mail to her at the Brazoria County office. The location appellant was to report to did not alter or change the terms dictated by the trial court requiring that appellant report monthly to his supervision officer. Accordingly, we hold that the terms of appellant's community supervision were set by the court, not the supervision officer.

We overrule appellant's first point of error. Because of our holding on appellant's first point of error, we not need address the sufficiency of the evidence

points for the remaining revocation grounds. Accordingly, we do not reach points of error two and three. *See Sanchez,* 603 S.W.2d at 871.

### Day for Day Sentence

In his fourth point of error, appellant contends that the trial court exceeded its authority when it ordered that appellant serve his sentence day for day.

■ A court may take a particular action only if that action is authorized by constitutional provision, statute, or common law, or the power rises from an inherent or implied power. *State v. Johnson,* 821 S.W.2d 609, 612 (Tex.Crim.App.1991).

■ Texas Code of Criminal Procedure 42.032 provides, "The sheriff in charge of each county jail may grant commutation of time for good conduct, industry, and obedience. A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant." TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (Vernon Supp.2004). The trial court does not have the authority to restrict a sheriff's discretion concerning the granting of good-conduct time. *Bell v. State,* 881 S.W.2d 794, 804 (Tex.App.-Houston [14th Dist.] 1994, writ ref'd); *Ex parte Hall,* 838 S.W.2d 674, 676 (Tex.App.-Dallas 1992, orig. proceeding). Further, the trial court has no authority to place a limit on the operation of article 42.032 by fixing the time for the discharge of a sentence. *See Kopeski v. Martin,* 629 S.W.2d 743, 745–46 (Tex.Crim.App.1982) (holding that the sheriff has a duty to give inmates fair consideration for good time credits); *Ex Parte Suter,* 920 S.W.2d 685, 686–87 (Tex. App.-Houston [1st Dist.] 1995, orig. proceeding) (holding that part of an order setting an ending date for the defendant's

sentence was void because it denied the defendant his right to be considered for good-time credit).

■ Accordingly, the sheriff has sole discretion to award good-conduct credit. *Ex parte Hall,* 838 S.W.2d at 677. The trial court's attempt to influence the sheriff, a member of the executive branch, in carrying out the terms of a sentence may violate the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, § 1; *Ex parte Hall,* 838 S.W.2d at 676.

■ Appellant argues that, because the trial court ordered him to serve his sentence day for day, it improperly restricted the Brazoria County Sheriff from potentially granting good-time conduct. We agree.

By specifying that appellant serve his sentence day for day, the trial court essentially fixed the time for discharge. Although the trial court has the authority to pronounce the sentence, it does not have the authority to fix the time for discharge of the sentence. *See Kopeski,* 629 S.W.2d at 745. Accordingly, we hold that the trial court abused its discretion in ordering that appellant serve his sentence day for day. *Cf. Ex parte Beaupre,* 915 S.W.2d 228, 232 (Tex.App.-Fort Worth 1996, orig. proceeding) (holding that the trial court's community supervision revocation order requiring the defendant to serve 180 calendar days was not a restriction on the sheriff's discretion to grant good-time credit under article 42.032 of the Code of Criminal Procedure); *Ex parte Hall,* 838 S.W.2d at 676 (stating that the trial court's order requiring appellant to serve 72 hours rather than three days was "immaterial" to the issue of whether one was entitled to good-conduct credit).

We sustain appellant's fourth point of error. We reform the trial court's judgment by deleting the last sentence in the judgment that states, "The Defendant's jail time is to be served on a day for day basis."

## Conclusion

We reform the judgment of the trial court, and, as reformed, affirm.