Opinion issued on June 3, 2004.








     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01052-CR




LEE ANDREW JONES, JR., Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Court at Law No. 2
Brazoria County, Texas
Trial Court Cause No. 91,597S




O P I N I O N
          Appellant, Lee Andrew Jones, Jr., pleaded guilty to the Class A misdemeanor
offense of theft by check. The trial court sentenced appellant to confinement for 180
days, suspended for 12 months’ community supervision, and imposed a $200 fine. 
The State subsequently filed a motion to revoke community supervision. Appellant
pleaded not true to the allegations in the State’s motion to revoke community
supervision, but the trial court found them true, revoked appellant’s community
supervision, and sentenced him to 180 days’ confinement. In four points of error,
appellant contends that the trial court erred in revoking his community supervision
because (1) there was insufficient evidence to support a finding that appellant failed
to report to the supervision officer, (2) there was insufficient evidence to support a
finding that appellant failed to pay community supervision and restitution fees, (3)
the trial court abused its discretion in finding that appellant failed to complete
community service, and (4) the trial court exceeded its authority when it ordered
confinement served day for day. We affirm as reformed.
BACKGROUND
          After appellant pleaded guilty to the theft by check offense, he received
community supervision from the court. The trial court gave him the community
supervision conditions in writing, and appellant acknowledged receipt of them with
his signature. Among these conditions were that he:
D.Obey all rules, regulations, and policies of the Brazoria County 
 Community Supervision and Corrections Department;
 
. . . .
 
H. Report to the Supervision Officer on this date and on the 14[th]
day of each month during the period of this community
supervision and at said time submit an accurately completed and
signed Monthly Report to the Supervision Officer;
 
. . . . 
 
R. Pay the following:
 
1. COMMUNITY SUPERVISION FEE of $40.00 per
month during the term of your community
supervision. Payments to be made on the 14[th] day
of each month beginning September 1998.
 
2. COURT COSTS to be made payable through the
Clerk of this Court.
 
3. FINE of $200.00 to be made payable through the
Clerk of this Court.
 
. . . . 
 
5. RESTITUTION of $1330.00 at $133.00 per month
until paid in full, payments to be made on the 14[th]
day of each month beginning September 1998,
payable through the Brazoria County Community
Supervision and Corrections Department of this
County, to be paid to the victims in the respective
sums of money as is listed in the Restitution
Schedule . . . .

          . . . . 
 
V. Work faithfully, without compensation, at a Community Service
Task assigned by the Court; specifically, work 80 hours at a rate
of sixteen (16) hours per month. 

          Approximately one week before the expiration of appellant’s one-year
community supervision term, the State filed a motion to revoke community
supervision alleging that appellant failed to (1) report and submit a monthly report to
his community supervision officer from September 1998 to March 1999 in Brazoria/
Harris County, (2) pay a community supervision fee of $40 per month from
November 1998 to March 1999, (3) pay court-ordered restitution, and (4) perform
community service. 
          The trial court held a hearing on the motion to revoke community supervision. 
Sarah Grisby, appellant’s assigned supervision officer, testified that, because
appellant lived in Harris County, he was required to report to the Brazoria County
office by mail until Harris County accepted supervision over him. This arrangement
also required that appellant submit his monthly report and community supervision and
restitution fees to Brazoria County. Appellant was not required to perform any
community service hours until Harris County began its supervision of him. Grisby
testified that appellant never reported as required. Grisby never received reports from
appellant; appellant did not report anywhere for his community supervision or abide
by any of the conditions of his community supervision; and Harris County did not
accept supervision of appellant and returned his files because he failed to report. 
          The trial court entered an order revoking appellant’s community supervision
and stated that appellant (1) failed to report, (2) failed to pay his community
supervision fees, (3) failed to pay his restitution, and (4) did not complete his court-ordered community service. The trial court also ordered that appellant’s jail time be
served on a “day for day basis.”



Failure to Report
          In his first point of error, appellant contends that the evidence is legally
insufficient to support the finding that he “failed to report.” 
          We review an order revoking community supervision under the abuse-of-discretion standard. See Cardona v. State, 665 S.W.2d 492, 493–94 (Tex. Crim. App.
1984). To support an order of revocation, the State must prove a violation of a
condition of community supervision by a preponderance of the evidence. See Moore
v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); Greathouse v. State, 33
S.W.3d 455, 458 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). The State’s
burden of proof is satisfied if the greater weight of credible evidence creates a
reasonable belief that the defendant violated a condition of his community
supervision as alleged by the State. Solis v. State, 589 S.W.2d 444, 447 (Tex. Crim.
App. 1979). If the State fails to meet its burden of proof, the trial court abuses its
discretion in issuing an order to revoke community supervision. Greathouse, 33
S.W.3d at 458. Proof of a single violation will support a community supervision
revocation order. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980);
Marcum v. State, 983 S.W.2d 762, 766–67 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref’d). The trial court alone determines the witnesses’ credibility and the weight
to be given to their testimony. See Naquin v. State, 607 S.W.2d 583, 586 (Tex. Crim.
App. 1980). 
          Appellant argues that Grisby failed to explain to appellant how and when he
should report for his community supervision.
          Appellant received a written copy of his conditions of community supervision
providing that he was required to report monthly to his supervising officer, and
appellant acknowledged receiving the written conditions. Moreover, Grisby testified
that she instructed appellant to report to her in Brazoria County by mail until Harris
County accepted supervision of him. Grisby explained to appellant how to report to
her by mail for three to four months until Harris County received his paperwork. 
Grisby expected to receive three to four reports from appellant, but she never received
any reports. We hold that the trial court did not abuse its discretion when it found
that the State proved, by a preponderance of the evidence, that appellant failed to
report to his supervision officer. 
          Within his first point of error, appellant also argues that the trial court
improperly delegated its authority to the community supervision officer to allow
appellant to report by mail. We disagree. 
           Article 42.12 of the Code of Criminal Procedure allows the supervision officer
to require appellant to report by mail. See Tex. Code Crim. Proc. Ann. art. 42.12
§ 11(a)(4) (Vernon Supp. 2004) (providing that the trial court may order a person on
community supervision to “[r]eport to the supervision officer and obey all rules and
regulations of the community supervision and corrections department”). A trial court
may provide the community supervision officer with some discretion concerning the
particular terms of community supervision. See Pierce v. State, 67 S.W.3d 374, 377
(Tex. App.—Waco 2001, pet. ref’d). 
           The trial court gave appellant his conditions of community supervision,
ordering that he report monthly to his supervision officer. The supervision officer
merely directed appellant to report to Brazoria County community supervision
department until Harris County accepted him. Grisby testified that appellant knew
to report by mail to her at the Brazoria County office. The location appellant was to
report to did not alter or change the terms dictated by the trial court requiring that
appellant report monthly to his supervision officer. Accordingly, we hold that the
terms of appellant’s community supervision were set by the court, not the supervision
officer. 
          We overrule appellant’s first point of error. Because of our holding on
appellant’s first point of error, we not need address the sufficiency of the evidence
points for the remaining revocation grounds. Accordingly, we do not reach points of
error two and three. See Sanchez, 603 S.W.2d at 871. 
Day for Day Sentence
          In his fourth point of error, appellant contends that the trial court exceeded its
authority when it ordered that appellant serve his sentence day for day. 
          A court may take a particular action only if that action is authorized by
constitutional provision, statute, or common law, or the power rises from an inherent
or implied power. State v. Johnson, 821 S.W.2d 609, 612 (Tex. Crim. App. 1991). 
          Texas Code of Criminal Procedure 42.032 provides, “The sheriff in charge of
each county jail may grant commutation of time for good conduct, industry, and
obedience. A deduction not to exceed one day for each day of the original sentence
actually served may be made for the term or terms of sentences if a charge of
misconduct has not been sustained against the defendant.” Tex. Code Crim. Proc.
Ann. art. 42.032 § 2 (Vernon Supp. 2004). The trial court does not have the authority
to restrict a sheriff’s discretion concerning the granting of good-conduct time. Bell
v. State, 881 S.W.2d 794, 804 (Tex. App.—Houston [14th Dist.] 1994, writ ref’d); Ex
parte Hall, 838 S.W.2d 674, 676 (Tex. App.—Dallas 1992, orig. proceeding). 
Further, the trial court has no authority to place a limit on the operation of article
42.032 by fixing the time for the discharge of a sentence. See Kopeski v. Martin, 629
S.W.2d 743, 745–46 (Tex. Crim. App. 1982) (holding that the sheriff has a duty to
give inmates fair consideration for good time credits); Ex Parte Suter, 920 S.W.2d
685, 686–87 (Tex. App.—Houston [1st Dist.] 1995, orig. proceeding) (holding that
part of an order setting an ending date for the defendant’s sentence was void because
it denied the defendant his right to be considered for good-time credit). 
          Accordingly, the sheriff has sole discretion to award good-conduct credit. Ex
parte Hall, 838 S.W.2d at 677. The trial court’s attempt to influence the sheriff, a
member of the executive branch, in carrying out the terms of a sentence may violate
the separation of powers clause of the Texas Constitution. See Tex. Const. art. II,
§ 1; Ex parte Hall, 838 S.W.2d at 676. 
          Appellant argues that, because the trial court ordered him to serve his sentence 
day for day, it improperly restricted the Brazoria County Sheriff from potentially
granting good-time conduct. We agree. 
          By specifying that appellant serve his sentence day for day, the trial court
essentially fixed the time for discharge. Although the trial court has the authority to
pronounce the sentence, it does not have the authority to fix the time for discharge of
the sentence. See Kopeski, 629 S.W.2d at 745. Accordingly, we hold that the trial
court abused its discretion in ordering that appellant serve his sentence day for day.
Cf. Ex parte Beaupre, 915 S.W.2d 228, 232 (Tex. App.—Fort Worth 1996, orig.
proceeding) (holding that the trial court’s community supervision revocation order
requiring the defendant to serve 180 calendar days was not a restriction on the
sheriff’s discretion to grant good-time credit under article 42.032 of the Code of
Criminal Procedure); Ex parte Hall, 838 S.W.2d at 676 (stating that the trial court’s
order requiring appellant to serve 72 hours rather than three days was “immaterial”
to the issue of whether one was entitled to good-conduct credit). 
          We sustain appellant’s fourth point of error. We reform the trial court’s
judgment by deleting the last sentence in the judgment that states, “The Defendant’s
jail time is to be served on a day for day basis.”
                                                   Conclusion
           We reform the judgment of the trial court, and, as reformed, affirm. 
 
 
                                                             George C. Hanks, Jr.
                                                             Justice
Panel consists of Justices Alcala, Hanks, and Hedges.



Publish. Tex. R. App. P. 47.2(b).