**Opinion issued July 8, 2014**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00631-CR**

———————————

**TIMOTHY SANCHEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 184th District Court**
**Harris County, Texas**
**Trial Court Case No. 1094422**

**MEMORANDUM OPINION**

On March 9, 2007, appellant Timothy Sanchez entered a plea of guilty to felony DWI. He was sentenced to five years of community supervision. On January 3, 2012, the State filed a motion to revoke appellant's community supervision, alleging that appellant had violated ten community-supervision

provisions. Appellant pleaded "not true" to each. The State then abandoned three of the grounds that related only to nonpayment of fees and moved forward with adjudication on the remaining seven violations. At the revocation hearing, the trial court found the alleged violations to be "true," revoked appellant's community supervision, and sentenced appellant to four years' confinement. We affirm.

## BACKGROUND

The State's remaining grounds for revocations were that appellant (1) failed to report to his community supervision officer on the ninth day of the month or as otherwise instructed on four occasions; (2) failed to provide written proof of employment at each office visit; (3) failed to submit a urine sample when requested by the Integrated Voice Recognition System (IVR) on four occasions; and (4) failed to complete a DWI Intervention course within the specified amount of time.

At the hearing, the State presented one witness, Ileana Aleman. Without any objection by the appellant, Aleman testified from the contents of appellant's file that was kept by the Harris County Community Supervision and Corrections Department.

*Missed appointments.* The conditions of appellant's community supervision included a requirement that appellant report to his community supervision officer on the ninth day of each month or as otherwise instructed. Aleman testified appellant failed to report in September 2009, July 2010, December 2010, and

2

February 2011. For the first alleged month when a scheduled meeting was missed, September 2009, Aleman testified appellant had rescheduled his appointment from September 9 to September 24. However, appellant missed this newly scheduled meeting because of a job-related conflict. For the second month, July 2010, Aleman testified appellant did not report at all for this month, and he received a "failure to report letter" ordering him to report in late August, which he did. For the third month, December 2010, Aleman testified appellant also did not report for because he claimed to have simply forgotten. Aleman testified appellant was sent a letter instructing him to then report on January 21, 2011. Instead of appearing on January 21, however, Aleman testified appellant reported a week later on January 28. For the final month, February 2011, Aleman testified appellant failed to show up or call on his scheduled day—February 9, 2011—instead finally calling on February 22, 2011, to request rescheduling to a later date.

*Proof of Employment*. The State further alleged appellant did not provide written proof of his employment. Aleman testified the file showed that appellant presented written proof of employment at some meetings, but not at every meeting as required. Appellant told Aleman that his employer did not provide him with check stubs, but with a "pay card" instead. Aleman testified she did not personally call appellant's employer or use online resources in order to determine whether appellant was employed.

*Urine Specimen Tests*.  The State also alleged appellant did not submit to "random urine specimen analysis" on four occasions. Aleman testified appellant was required to call the IVR in order to determine whether he had to submit a urine sample the following day. Aleman testified appellant failed to provide a urine sample on four occasions.

Appellant acknowledged in his testimony that he was required to call the IVR every day, but that on certain occasions he had trouble recalling whether he called the IVR on a particular day. He testified that if he did not make the required daily call to the IVR, it would be counted as a failure to submit a urine sample. At first, appellant testified he "might have missed one or two calls" before later stating that  he did not submit a urine sample on four occasions because he did not make the required call.

*DWI Course*.  Finally, the State alleged appellant failed to complete a DWI course within the specified amount of time.  Aleman testified appellant had provided no proof he had completed the course. Appellant testified he had not completed the course because he was unable to pay the required fee to do so.

Finding all the State's alleged violations to be true, the trial court revoked appellant's community supervision and sentenced him to four years' confinement.

## REVOCATION OF COMMUNITY SUPERVISION

On appeal, appellant raises four points of error, each addressing a separate category of alleged violations of community supervision requirements, i.e., missed appointments, failure to provide proof of employment, failure to submit urine samples, and failure to complete a DWI Intervention course. Appellant argues in all four points the trial court "abused its discretion" and "violated appellant's right to due process" by revoking his community supervision.

## STANDARD OF REVIEW

"Our review of the evidence is limited to determining whether the trial court abused its discretion in revoking the defendant's community supervision." *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). "To support an order of revocation, the State must prove a violation of a condition of community supervision by a preponderance of the evidence." *Jones v. State*, 176 S.W.3d 47, 50–51 (Tex. App.—Houston [1st Dist.] 2004, no pet.). The State meets its burden of proof "if the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as alleged by the State." *Id.* at 51. "Proof of any one of the alleged violations is sufficient to support the order revoking probation." *Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979); *Canseco*, 199 S.W.3d at 439.

"[T]he trial judge is the sole trier of facts, and determines the credibility of the witnesses and the weight to be given their testimony." *Jones v. State*, 787 S.W.2d 96, 97 (Tex. App.—Houston [1st Dist] 1990, pet. ref'd). "The appellate court then reviews the evidence in the light most favorable to the judgment of the trial court." *Galvan v. State*, 846 S.W.2d 161, 162 (Tex. App.—Houston [1st Dist.] 1993, no pet.); *see also Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981) ("[T]his Court must view the evidence in a light most favorable to the verdict . . . .").

## ANALYSIS

Because we hold that the trial court did not abuse its discretion or violate appellant's due process rights by revoking appellant's community supervision for failing to submit a urine sample on four occasions, we need not reach whether the other alleged violations supported revocation.

Testifying from appellant's community supervision file, Aleman stated that appellant failed to provide a urine sample on four occasions. Appellant also admitted during his testimony that he failed to always call to determine whether he needed to provide a urine sample, as was required by his community supervision terms. Appellant testified that he was required to call the IVR on a daily basis in order to know if he had to submit a urine sample the following day. He further testified if he did not make the call, it would count as a failure to submit a sample.

Appellant initially stated that he "might have missed one or two calls" while later admitting he failed to make the required call on four occasions.

Based on Aleman's and appellant's testimony, we hold that the "the greater weight of credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision as alleged by the State" by failing to submit urine samples on four occasions. *Jones*, 176 S.W.3d at 50–51. Accordingly, the trial court did not abuse its discretion in revoking appellant's community supervision on that ground.

## DUE PROCESS

Appellant further argues that because the evidence supporting revocation for failure to provide a urine sample was "vague and indefinite," revocation on this ground "violated appellant's Fourteenth Amendment right to Due Process."

Appellant has not demonstrated a due process violation in the revocation of his community supervision for failure to submit urine specimens on four occasions. Appellant cites the Austin Court of Appeals' opinion in *Ortega v. State*, which held that (1) allowing a probation officer rather than the court "to decide *if* and *when* and *where* a urine specimen is to be submitted" was an "improper delegation of authority" that is too "vague and indefinite" to be enforced, and (2) the trial court abused its discretion by revoking probation for failure to submit one urine specimen because it was not clear who had requested that appellant provide a

specimen on that day, there was no evidence that appellant was notified about the requested sample, and appellant affirmatively testified that he had not received notice. 860 S.W.2d 561, 565–66 (Tex. App.—Austin 1993, no pet.).

Unlike in *Ortega*, delegation of authority is not at issue in this case. And, in contrast with the evidence in *Ortega*, appellant testified to understanding the procedures for receiving notice of a required sample, i.e., calling in each day to find out if a urine specimen was required, but simply not following them. *Ortega* is inapposite, and does not support appellant's due process argument. Appellant has not established that his due process rights were violated.[1]

## CONCLUSION

We overrule appellant's third point of error challenging the trial court's revocation of community supervision based upon failure to submit urine specimens. Accordingly, we need not reach appellant's points of error one, two, and four, which argue that other grounds for revocation were improper.

We affirm the judgment of the trial court.

---

[1] Additionally, we note that there is no indication in the record that appellant made a due process objection at any point during the revocation hearing. *Rogers v. State*, 640 S.W.2d 248, 263–64 (Tex. Crim. App. 1981) (holding that, to properly preserve error, appellant should lodge an objection "either at the time the judge continues the hearing and/or probation, or at the time of actual revocation or at the time of sentencing.").

8

Sherry Radack
Chief Justice

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).