YVONNE T. RODRIGUEZ, Justice
Carolina Mayorga has filed a habeas corpus petition challenging a contempt order issued by the Honorable Laura Strathmann, Judge of the 388th District Court of El Paso County, Texas. Pending review, *176 this Court issued an order setting bond. Finding that the portion of the contempt order setting an ending date for Mayorga's incarceration is void, we strike that portion of the contempt order. Finding no merit in the remainder of Mayorga's issues, we deny the petition for writ of habeas corpus, order the bond revoked, and remand her to the custody of the El Paso County Sheriff.
FACTUAL SUMMARY
On April 12, 2016, the 388th District Court entered temporary orders in cause number 2012-DCM-01701, styled In the Interest of N.I.G., a Child , providing for Gallegos's visitation and access to the child. Gallegos filed a motion to enforce alleging that Mayorga had failed to surrender the child to him on November 4, 2016, and on November 6, 2016, and he asked that Mayorga be held in contempt.[1] The trial court conducted a hearing on March 1, 2017. On the day of the hearing, Mayorga filed an answer setting forth affirmative defenses based on Sections 261.106(a) and 262.003 of the Texas Family Code. The trial court sustained Gallegos' objections to Mayorga's reliance on these defenses and struck this portion of Mayorga's written answer. Mayorga argued that she should not be held in contempt because the child had made an outcry of sexual abuse and she had been instructed by law enforcement officers and personnel from the Texas Department of Family and Protective Services to not turn over the child to Gallegos on November 4, 2016.
In an order signed on March 30, 2017, the trial court found Mayorga guilty of both counts of contempt and ordered her to serve fifteen days in jail on each count, consecutively, for a total of thirty days. The contempt order provides as follows:
IT IS ORDERED that punishment for the above numerated [sic] violations is confinement in the county jail of El Paso County, Texas, for a period of fifteen (15) days for each violation, with the respective confinements to run consecutively for a total of thirty (30) days to be served.
IT IS THEREFORE ORDERED that CAROLINA MAYORGA be committed to the county jail of El Paso County, Texas, for a cumulative period of thirty (30) days for the total number of violations enumerated above. Said commitment shall begin at 6:30 p.m. on July 1, 2017, and shall end at 6:00 p.m. on July 30, 2017.
On July 17, 2017, Mayorga filed a petition seeking habeas corpus relief, and she filed a motion for temporary relief the following day. On July 19, 2017, we issued an order setting a bond pending our review of the petition.
DENIAL OF GOOD TIME CREDIT
In her first issue, Mayorga argues that the contempt order is void because it impermissibly restricts the sheriff's authority and discretion to grant her good-time credit under Article 42.032 of the Code of Criminal Procedure by setting a beginning and ending date for the period of incarceration Mayorga is ordered to serve.
A commitment order is subject to collateral attack in a habeas corpus proceeding. In re Henry , 154 S.W.3d 594, 596 (Tex. 2005) ; Ex parte Barnett , 600 S.W.2d 252, 254 (Tex. 1980). A writ of habeas corpus will issue if the trial court's contempt order is void, either because it is *177 beyond the court's power or because the relator has not been afforded due process. In re Henry , 154 S.W.3d at 596. The purpose of a habeas corpus proceeding is not to determine the relator's guilt or innocence, but to ascertain if the relator has been unlawfully confined. Ex parte Gordon , 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding).
Article 42.032, § 2 provides: "The sheriff in charge of each county jail may grant commutation of time for good conduct, industry, and obedience. A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant." TEX.CODE CRIM.PROC.ANN. art. 42.032, § 2 (West Supp. 2017). Contemnors incarcerated in the county jail pursuant to a criminal contempt order are entitled to be considered for "good time" credit. See Ex parte Acly , 711 S.W.2d 627, 628 (Tex. 1986). A trial judge has no authority to set an ending date on a criminal contempt sentence because that denies the contemnor his right to be considered for good conduct time under Article 42.032. See Kopeski v. Martin , 629 S.W.2d 743, 745 (Tex. Crim. App. 1982) ; Ex parte Suter , 920 S.W.2d 685, 686-87 n.1 (Tex.App.-Houston [1st Dist.] 1995, orig. proceeding).
The contempt order sets both the beginning date and ending date on the criminal contempt sentences. Gallegos argues that the discharge date is not clear, but the contempt order plainly states that the commitment begins at 6:30 p.m. on July 1, 2017 and ends at 6:00 p.m. on July 30, 2017. The portion of the order setting an ending date for Mayorga's sentence is void. See Ex parte Suter , 920 S.W.2d at 686-87 n.1. Issue One is sustained.
DENIAL OF AFFIRMATIVE DEFENSES
In Issues Two and Three, Mayorga contends that she should be granted habeas corpus relief because the trial court did not allow her to raise two affirmative defenses to the contempt charges. In her written answer to the motion for enforcement, Mayorga relied on Sections 261.106(a) and 262.003 of the Texas Family Code.
Section 261.106 of the Family Code addresses immunity from civil and criminal liability when a person makes a good faith report of child abuse or neglect. See TEX.FAM.CODE ANN. § 261.106 (West 2014). Subsection (a) provides:
A person acting in good faith who reports or assists in the investigation of a report of alleged child abuse or neglect or who testifies or otherwise participates in a judicial proceeding arising from a report, petition, or investigation of alleged child abuse or neglect is immune from civil or criminal liability that might otherwise be incurred or imposed.
TEX.FAM.CODE ANN. § 261.106(a).
Mayorga attempted to rely on Section 261.106(a) of the Texas Family Code as a defense to the motion for enforcement, but the trial court sustained Gallegos's objections and struck the portion of Mayorga's answer setting forth her reliance on this statute as providing a defense. Mayorga has not cited any authority in support of her argument that Section 261.106(a) is an affirmative defense to the motion to enforce the possession order. We agree with Gallegos that Section 261.106(a) provides immunity for civil or criminal liability for a person who makes a good faith report of alleged child abuse or neglect, but it does not provide immunity for a person's violation of a possession order.
*178 Section 262.003 provides that "[a] person who takes possession of a child without a court order is immune from civil liability if, at the time possession is taken, there is reasonable cause to believe there is an immediate danger to the physical health or safety of the child." TEX.FAM.CODE ANN. § 262.003 (West 2014). Mayorga was found guilty of two counts of criminal contempt and sentenced to serve a sentence of incarceration in the county jail for each violation. While Section 262.003 provides for immunity from civil liability , Mayorga has not cited any cases holding that this statute provides a defense to a motion for criminal contempt, and we are aware of none. Issues Two and Three are overruled.
ABUSE OF DISCRETION
In her final issue, Mayorga asserts that the trial court abused its discretion by finding her guilty of contempt because there is evidence that law enforcement officers and TDFPS employees instructed Mayorga to not turn over possession of the child to Gallegos. Mayorga argues that if she had disobeyed these instructions, she would have been subjected to criminal prosecution for interfering with the investigation or the child could have been removed by the Texas Department of Family and Protective Services for failure to protect the child.
A criminal contempt conviction for violation of a court order requires proof beyond a reasonable doubt of: (1) a reasonably specific order; (2) a violation of the order; and (3) the willful intent to violate the order. Ex parte Chambers , 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding); In re Braden , 483 S.W.3d 659, 662 (Tex.App.-Houston [14th Dist.], 2015, orig. proceeding). In an original proceeding, the appellate court cannot weigh the evidence supporting the trial court's contempt finding. In re Braden , 483 S.W.3d at 662, citing In re Long , 984 S.W.2d 623, 626-27 (Tex. 1999) (orig. proceeding). The court can only determine whether a contempt judgment is void because there is no evidence of contempt. Id.
Mayorga does not claim that the order is not specific or that she did not violate it. In her testimony at the contempt hearing, Mayorga expressly admitted that she did not comply with the temporary orders on November 4, 2016 and November 6, 2016. We understand Mayorga to argue that her violation of the temporary orders was not willful because she was instructed by law enforcement officers and personnel from the Texas Department of Family and Protective Services to not permit the child to have contact with Gallegos.
Mayorga testified at the hearing that she spoke with a police detective on November 4, 2016, and she took her daughter for an interview at the Child Advocacy Center that same day. The trial court sustained Gallegos's hearsay objection each time Mayorga attempted to state what she was told by the police detective or anyone at the Child Advocacy Center. Mayorga did not present any other evidence in support of her claim that she was instructed by law enforcement and personnel from TDFPS to not turn over the child to Gallegos.
The record before us shows that Mayorga has repeatedly made allegations that Gallegos has sexually abused the child. Mayorga made multiple reports to TDFPS between May 2014 and October 2016 alleging that Gallegos had sexually abused the child, but TDFPS ruled out sexual abuse after each investigation. We note that TDFPS filed a suit for the protection of the child on June 29, 2017 on the grounds that the child has been the victim of neglect or sexual abuse, but it non-suited the case on July 17, 2017. There is also evidence *179 that the 388th District Court has also refused to grant Mayorga's applications for a protective order in 2015, 2016, and 2017.
Based on the record before us, we are unable to conclude that there is no evidence of a willful violation of the temporary orders. Thus, the trial court did not abuse its discretion by finding that Mayorga willfully violated the temporary orders. Issue Four is overruled.
Having sustained Issue One, we strike that portion of the contempt order setting an end date for Mayorga's sentence. We deny Mayorga's application for writ of habeas corpus, order her bond revoked, and remand her to the custody of the Sheriff of El Paso County, Texas, for confinement pursuant to the trial court's contempt order, except that the portion of the contempt order confining Mayorga until July 30, 2017 is declared void.

Mayorga has not provided the Court with a copy of the motion for enforcement of possession or access.