

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00076-CV

_____

IN RE C.F., Relator

Original Proceeding
Tarrant County
Trial Court No. 233-559650-14

Before Gabriel, J.; Sudderth, C.J.; and Womack, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

The court has considered relator's petition for writ of habeas corpus and is of the opinion that relief should be denied, with the exception that the language in the trial court's February 14, 2020 contempt order denying good-conduct time credit should be stricken.

The contempt order included language stating, "IT IS FURTHER ORDERED that [relator] not be given good conduct time credit for time spent in the county jail." Good-conduct time credit is available to one serving a sentence for contempt. *See Ex parte Roosth*, 881 S.W.2d 300, 301 (Tex. 1994) (orig. proceeding); *In re Alexis*, No. 10-12-00393-CV, 2012 WL 6091410, at *4 (Tex. App.—Waco 2012, orig. proceeding) (mem. op.). The sheriff in charge of a county jail has discretion to award good-conduct time credit, and "[t]he trial court does not have the authority to restrict a sheriff's discretion concerning the granting of good-conduct time." *Jones v. State*, 176 S.W.3d 47, 52 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *see* Tex. Code Crim. Proc. Ann. art. 42.032, § 2. Because the trial court exceeded its authority by restricting the availability of good-conduct time credit, we will modify the contempt order to delete the language denying good-conduct time credit, but we deny relator's petition for writ of habeas corpus in all other respects. *See Alexis*, 2012 WL 6091410, at *4 (striking language in contempt order that denied good-conduct time credit but denying habeas relief in all other respects); *In re Zapata*, 129 S.W.3d 775, 780–81 (Tex. App.—Fort Worth 2004, orig. proceeding).

Per Curiam

Delivered:  March 24, 2020