

# NUMBER 13-25-00463-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE DANIEL FLORES

## ON PETITION FOR WRIT OF HABEAS CORPUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca**
**Memorandum Opinion by Justice Fonseca[1]**

Relator Daniel Flores filed a pro se petition for writ of habeas corpus asserting that: (1) he was wrongfully confined for civil contempt, and (2) he was not provided with a release hearing under Texas Family Code § 157.105. *See* TEX. FAM. CODE ANN. § 157.105.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

An order of contempt may be reviewed through a petition for writ of habeas corpus. *In re Luther*, 620 S.W.3d 715, 721 (Tex. 2021) (orig. proceeding) (per curiam). A court will issue a writ of habeas corpus if the order underlying the contempt is void or if the contempt order itself is void. *See id.* at 722. The relator bears the burden of showing that the contempt order is void and not merely voidable. *In re B.G.B.*, 580 S.W.3d 310, 315–16 (Tex. App.—Tyler 2019, orig. proceeding); *In re Munks*, 263 S.W.3d 270, 272–73 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). A contempt order is void if it deprives the relator of liberty without due process of law or if it exceeded the power of the court to issue. *In re Office of Atty. Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding); *In re Mayorga*, 538 S.W.3d 174, 176 (Tex. App.—El Paso 2017, orig. proceeding).

The Court requested responses to the petition for writ of habeas corpus from the real party in interest, Stacy Garza a/k/a Stacy M. Garza, and relator's appointed counsel, the Honorable Carolyn M. Gurney; however, these individuals did not file responses to the petition for writ of mandamus. The respondent advised us that a hearing on Garza's motion for contempt against relator was set to be held on October 9, 2025. Accordingly, we abated this original proceeding and we directed the trial court to proceed with the scheduled hearing and any related matters.

The trial court has now informed us that at the hearing on October 9, 2025, Flores admitted that the contempt allegations against him were true, the trial court sentenced Flores to a suspended sentence, and the trial court released Flores from custody. We have received and reviewed the reporter's record of the hearing regarding these events. Accordingly, we reinstate this original proceeding.

Given the foregoing sequence of events, and because Flores has been released from confinement, we conclude that this petition for writ of habeas corpus has been rendered moot. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810, 813 (Tex. 2022) (orig. proceeding) (per curiam); *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012); *In re Kellogg Brown & Root, Inc.*, 166 S.W.3d 732, 737 (Tex. 2005) (orig. proceeding); *see also In re Okoli*, No. 01-24-00063-CV, 2024 WL 1098221, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2024, orig. proceeding) (per curiam) (mem. op.) (concluding that a petition for writ of habeas corpus was moot because the relator was no longer confined); *In re A.M.*, No. 02-19-00131-CV, 2019 WL 2223218, at *1 (Tex. App.—Fort Worth May 23, 2019, orig. proceeding) (per curiam) (mem. op.) (same). We similarly conclude that Flores's motion for emergency temporary relief, which we previously ordered to be carried with the case, has been rendered moot. Accordingly, we dismiss this original proceeding and Flores's motion for emergency temporary relief as moot.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
21st day of October, 2025.

3