## EX PARTE Bruce Hamilton LEE, Applicant.

### No. WR–28,164–02.

Court of Criminal Appeals of Texas.

### Nov. 15, 2006.

Matthew Dekoatz, El Paso, for Appellant.

Jaime Esparza, District Atty., El Paso, Matthew Paul, State's Atty., Austin, for State.

### *ORDER*

PER CURIAM.

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young,* 418 S.W.2d 824, 826 (Tex.Crim.App.1967). Applicant was convicted of delivery of cocaine and sentenced to eighteen (18) years' imprisonment.

Applicant contends that he is eligible for street time credit but has been improperly denied credit against his sentence for time served on supervised release. The trial court has entered an order finding that

---

Applicant is entitled to credit for this time because, on the date of the warrant or summons initiating the revocation process, the remaining portion of Applicant's sentence was less than the time spent on parole. *Ex parte Spann,* 132 S.W.3d 390, 393 (Tex.Crim.App.2004). However, the record does not support this finding.

Specifically, the record contains a verified time calculation from the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ–CID), acknowledging that Applicant's conviction does not render him ineligible for street time credit. The calculation further reflects that Applicant began serving his eighteen-year (that is, 6,570–day) sentence on October 29, 1993. He was released to parole on January 13, 1999. The warrant initiating revocation proceedings issued on August 20, 2004. Thus, Applicant served approximately five years, two months, and fifteen days (that is, 1902 days) before he was released to parole. He then served approximately five years, seven months, and seven days (that is, 2046 days) on release prior to the issuance of the warrant. Accordingly, at the time of issuance of the warrant initiating the revocation process, the remaining portion of Applicant's sentence was approximately seven years, two months, and nine days (that is, 2,626 days). The remaining portion of Applicant's sentence was greater than the time he spent on parole. Applicant is not entitled to credit for the time he served on supervised release, *Ex parte Spann,* 132 S.W.3d at 393; therefore, we deny relief.

JOHNSON, J., filed a concurring statement.

JOHNSON, J., statement concurring in denial of relief.

I concur in the denial of relief in this case. However, it appears from the pleadings in this case and a number of other applications for writ of habeas corpus, that there is great confusion about the correct calculation of the "remaining portion" and, consequently, the mid-point that is the delineation between being entitled to credit for time spent on parole or not being so entitled.

The controlling statute is Tex. Gov't Code § 508.283(c).

> (c) If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation. For a person who on the date of issuance of the warrant or summons is subject to a sentence the remaining portion of which is less than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for an amount of time equal to the remaining portion of the sentence on the date of issuance of the warrant or citation.

Reduced to its essentials, this section states that the first condition for getting credit for "street-time" is that the parolee does not have a conviction for any of the criminal offenses listed in Tex. Gov't Code § 508.149(a). The second condition is that the parolee must have served, on the current parole, more than one-half of the time left on his sentence for the offense in

question. The time served on the current parole is the period of time from the date of release on the current parole until the date on which the Parole Division issues a parole-revocation warrant or summons. The length of that time period is then compared to the time at which the mid-point of the remaining portion of the parolee's sentence occurs. The calculation of that mid-point is the issue in this case.

Time that counts for this calculation:

Flat time: calendar time actually spent in custody in a TDCJ facility on the offense in question, including pre-trial jail time awarded in the judgment for that offense.

Time that doesn't count:

Time in custody on other convictions.

Good-time credits of any kind.

The first part of the calculation is the determination of the length of the sentence. For purposes of this discussion, I will assume a sentence of 20 years. Twenty years is equal to 20 years × 365 days/year, or 7,300 days. That is how long an inmate would be in custody if conditional release was never granted.

The second step is to determine how many days the parolee was actually in custody. I will assume that the parolee has credit for 4 years and 52 days in TDCJ and an additional 132 days of pre-sentence jail credit. The parolee therefore has credit for a total of 4 years × 365 days/year, or 1,460 days, plus 52 additional days in TDCJ and 132 additional days for pre-sentence jail time, for a total of 1,644 days.

The third step is to calculate the time the parolee must successfully serve on parole before becoming eligible for discharge. This number is based on flat time. It does not take into account credit for good time, bonus time, vocational time, educational time, or any form of time credit other than flat time. The full sentence is 7,300 days. Time actually served at the time of release is 1,644 days, leaving the time left to be served at 5,656 days.

The next step is to determine the half-way point. This is accomplished by dividing the time left to be served by 2: 5,656 days/ 2 = 2,828 days or 7 years, 273 days. This is the time that must be successfully served on parole before the parolee will earn street time.

The last step, determining whether that half-way point has been met, requires calculating the number of days between the date of release and the date on which the revocation warrant or summons issued. The half-way point is *not* calculated using the date of arrest or date of revocation; **when the Parole Division issues a revocation warrant or summons, the street-time clock stops.**

In this case, applicant was sentenced to 18 years (6,570 days) and had served 1902 days' flat time. He spent 2046 days on release before the revocation warrant issued. The remaining portion of his sentence at the time of release was 6,570 (full sentence)—1,902 (flat time) = 4,668 days. The mid-point is 4,668/2, or 2,334 days. He served 2,046 days on parole, fewer than the 2,334 days required to reach the mid-point. Applicant did not serve more than half of the time remaining on the date of his release and is not entitled to credit for street time. Denial of relief is mandated by the statute.