Opinion issued August 12, 2008 









 









In The 

Court of Appeals

For The

First District of Texas






NO. 01-08-00618-CV

____________


IN RE STEPHANIE ANN BOURG, Relator







Original Proceeding on Petition for Writ of Habeas Corpus






MEMORANDUM OPINION

 By a petition for writ of habeas corpus, relator, Stephanie Ann Bourg, is
seeking relief from the trial court's March 27, 2008 "Order of Capias for Arrest of
Respondent, Stephanie Bourg" (hereinafter the "capias order"). (1) In her sole issue,
Bourg argues that she is entitled to relief "because she has already served [her]
contempt sentences."

 We grant the relief requested by Bourg and hold that the trial court's capias
order is void in its entirety.

Factual and Procedural Background

 In September of 2003, the trial court, in a divorce decree, granted Chad J. Clay
and Bourg's divorce, including an Agreed Order in Suit Affecting the Parent-Child
Relationship pertaining to their son. 

 On June 4, 2004, the trial court signed an agreed order, which held Bourg in
contempt for violating the divorce decree and sentenced her to 180 days of
confinement. On June 29, 2004, the trial court signed an "Agreed Order Holding
Respondent in Contempt," in which it noted that Bourg had been confined from June
4, 2004 to June 29, 2004, and it ordered that "[t]he balance of the period of
confinement" be probated in accordance with certain enumerated terms and
conditions. The trial court further stated that "[s]uch probation shall continue in full
force and effect for seven years." It also signed a final protective order, containing
many injunctive provisions similar to those in the decree.

 On July 18, 2006, the trial court signed an agreed temporary protective order,
prohibiting Bourg from (1) committing family violence, (2) communicating directly
with Clay or their son in a threatening or harassing manner, and (3) communicating
in any manner with Clay or their son except through Bourg's attorney. On November
10, 2006, the trial court signed a final protective order, containing many injunctive
provisions similar to the ones in the decree and the July 18, 2006 agreed temporary
protective order.

 Clay then filed his "First Amended Petition for Enforcement by Contempt for
Violation of Permanent Injunctions, Agreed Temporary Protective Order and (2006)
Final Protective Order and Motion to Revoke Suspension of Commitment . . . ." In
his motion, Clay asked the trial court to hold Bourg in contempt for failing to comply
with "all the orders of the court" and to sentence Bourg to confinement for 180 days.

 On July 26, 2007, the trial court signed an "Order Revoking Suspension of
Commitment and [f]or Commitment in the Harris County Jail" and an "Order for
Enforcement [b]y Contempt for Violation of the Final Decree of Divorce, Agreed
Temporary Protective Order and (2006) Final Protective Order and for Commitment
in the Harris County Jail." In these orders, the trial court found that Bourg had failed
to comply with "all orders of the [c]ourt" and set forth thirty-seven violations of its
orders. The trial court revoked the suspension of commitment and further ordered
that Bourg be incarcerated "until completion of her sentence." It also ordered that
Bourg's incarceration begin on July 26, 2007 and that Bourg be "confined day for
day, for a period of confinement of 155 days." (2) The trial court then sentenced Bourg
to confinement for an additional 180 days for her thirty-seven new contempt
violations. It ordered that this contempt sentence commence immediately upon
Bourg's completion of the 155-day balance of her prior contempt sentence.

 Bourg then filed a petition for writ of habeas corpus with this Court,
challenging the July 26, 2007 revocation order and the confinement and commitment
order, which this Court denied. (3) The parties agree that Bourg then filed a petition for
writ of habeas corpus with the Texas Supreme Court, the supreme court ordered that
Bourg be released while it considered her habeas petition, the supreme court
ultimately denied Bourg's petition, and Bourg returned to jail. The parties further
agree that, on March 11, 2008, Bourg was erroneously released. (4)
 

 Following Bourg's erroneous release from jail, on March 27, 2008, the trial
court entered the capias order requiring Bourg to be returned to jail to serve another
180 days because Bourg "failed to be punished" as previously ordered by the trial
court. Specifically, the trial court stated in its capias order,

 On this the 27th day of March 2008, upon the [c]ourt's call of the
Motion for Issuance of Capias and Enforcement of Prior Orders[,]
alleging that [Bourg] has failed to be punished as ordered by this
[c]ourt, and it appearing that [Bourg] was released from the Harris
County [j]ail on March 11, 2008 by mistake of the Harris County Sheriff.


 Therefore, it is ordered that the [c]lerk of this [c]ourt issue a
[c]apias for the [a]rrest of [Bourg], directed to any [p]eace [o]fficer of the
State of Texas, commanding him to arrest and take into his custody the
body of [Bourg] and confine her in the jail of Harris County, Texas for
a period of 180 days and that such sentence shall be served day for day
without credit or offset. It is ordered that such sentence and confinement
shall begin on March 11, 2008 and end on September 2, 2008 for
[Bourg] of contemptuous conduct as set out in this [c]ourt's order of July
26, 2007 entitled "Order for Enforcement by Contempt for Violation of
the Final Decree of Divorce, Agreed Temporary Protective Order and
(2006) Final Protective Order and for Commitment in the Harris County
Jail."


(Emphasis added).

 The trial court, in this capias order, recognized that Bourg was released through
the mistake of Harris County. Nevertheless, the trial court imposed an additional
180-day sentence on Bourg. Moreover, the trial court, in imposing the additional
sentence, did not base the sentence on any new contempt violations, did not account
for any of Bourg's prior sentences or previous time served, prohibited Bourg from
earning any credits or offsets, and set Bourg's sentence for a term certain. 

 In her petition, Bourg represents that, as of yet, she has not been "taken into
custody" pursuant to the capias order.

Standard of Review

 A habeas corpus petition is a collateral attack on a judgment, the purpose of
which is not to determine the final guilt or innocence of the relator, but to ascertain
whether the relator has been confined unlawfully. Ex parte Gordon, 584 S.W.2d 686,
688 (Tex. 1979). Issuance of a capias is a sufficient restraint of liberty to justify
habeas corpus relief. In re Aguilera, 37 S.W.3d 43, 47 (Tex. App.--El Paso 2000,
no pet.); see also Ex parte Rosser, 899 S.W.2d 382, 385 n.6 (Tex. App.--Houston
[14th Dist.] 1995, no writ) (noting that relator filed writ of habeas corpus when he
had not yet been taken into custody and real party in interest had not disputed that 
capias was "sufficient restraint of liberty to permit filing a petition for writ of habeas
corpus"). The presumption is that the order is valid. In re Turner, 177 S.W.3d 284,
288 (Tex. App.--Houston [1st Dist.] 2005, orig. proceeding) (citing Ex parte
Occhipenti, 796 S.W.2d 805, 809 (Tex. App.--Houston [1st Dist.] 1990, orig.
proceeding)). A writ of habeas corpus will issue if a trial court's contempt order is
beyond the court's power or the court deprives the relator of liberty without due
process of law. In re Castro, 998 S.W.2d 935, 937 (Tex. App.--Houston [1st Dist.]
1999, no pet.). A relator bears the burden of showing that she is entitled to relief. 
Turner, 177 S.W.3d at 288 (citing Occhipenti, 796 S.W.2d at 808-09).

Validity of Capias Order

 In her sole issue, Bourg argues that she is entitled to habeas relief "because she
ha[d] already served the contempt sentences." Within this issue, Bourg asserts that
the trial court does not have the power to take away good-time credit previously
provided, nor does it have the authority to preclude her from earning good-time
credit. Essentially, Bourg argues that the trial court's capias order has the effect of
depriving her of the right to earn good-time credit. 

 Article 42.032 of the Texas Code of Criminal Procedure provides, 

 The sheriff in charge of each county jail may grant commutation of time
for good conduct, industry, and obedience. A deduction not to exceed
one day for each day of the original sentence actually served may be
made for the term or terms of sentences if a charge of misconduct has
not been sustained against the defendant. 

 

Tex. Code Crim. Proc. Ann. art. 42.032, § 2 (Vernon 2006) (emphasis added). The
sheriff has the sole discretion to award good-time credit. Ex parte Acly, 711 S.W.2d
627, 627 (Tex. 1986) (holding that those punished by criminal contempt are allowed
to earn good-time credit); Jones v. State, 176 S.W.3d 47, 52 (Tex. App.--Houston
[1st Dist.] 2004, no pet.) ("The trial court's attempt to influence the sheriff, a member
of the executive branch, in carrying out the terms of a sentence may violate the
separation of powers clause of the Texas Constitution."). A trial court has no
authority to limit the operation of the good-time credit. Ex parte Roosth, 881 S.W.2d
300, 301 (Tex. 1994); Kopeski v. Martin, 629 S.W.2d 743, 745 (Tex. Crim. App.
1982); Jones, 176 S.W.3d at 52; see also In re Parks, No. 01-07-00469-CV, 2007
WL 2351057, at *3 n.1 (Tex. App.--Houston [1st Dist.] Aug. 14, 2007, orig.
proceeding) (mem. op.) (noting that, although trial court "may exempt a contemnor
from credit for 'good time' during coercive confinement," trial court has "no authority
to limit the operation of the good behavior credit when committing a relator to
confinement as punishment for contempt"). 

 Here, the trial court, in its capias order, seeks to impose an additional 180-day
sentence against Bourg for a term certain and "day for day without credit or offset." 
By its plain terms, the capias order was issued solely because Bourg had been
erroneously released by the Harris County sheriff and, in the trial court's opinion, had
not been punished as it had ordered. Accordingly, we hold that by issuing the capias
order, which precludes Bourg from earning good-time credit, the trial court has
exceeded its authority. See Kopeski, 629 S.W.2d at 745; see also Ex parte Suter, 920
S.W.2d 685, 687 n.1 (Tex. App.--Houston [1st Dist.] 1995, no writ). Additionally,
by imposing a sentence that fails to account for any of Bourg's prior days in
confinement, the capias order also operates to deprive Bourg of good time she has
earned in the past. Accordingly, we further hold that the portion of the capias order
depriving Bourg from her right to earn good-time credit is void.

 Bourg also argues that the capias order is void because it violates well-settled
authority establishing that her contempt sentence continued to run during the period
in which she was erroneously released. Bourg asserts that, pursuant to this authority,
her contempt sentence has expired.

 It is undisputed that Bourg was erroneously released through no fault of her
own. Moreover, it is clear that the trial court's capias order is not based on any new
contempt violations, but rather is solely based on the trial court's opinion that Bourg
has not been punished in accordance with its prior orders. There is nothing in the
record to indicate that Bourg was being ordered to return to jail because she violated
any terms and conditions of the trial court's various orders or committed any other
acts of wrongdoing other than those specified in the prior orders. Moreover, we note
that the trial court did not simply order Bourg to be returned to jail to serve the
remaining balance of her sentence, but instead imposed a completely new sentence
for an additional 180 days of confinement. The trial court's capias order, by not
accounting for the period during Bourg's erroneous release, violates well-settled
authority providing that Bourg's sentence continued to run during the period of her
erroneous release. See Ex parte Hale, 117 S.W.3d 866, 872-73 & n.26 (Tex. Crim.
App. 2003); see also Ex parte Cross, No. AP-75700, 2007 WL 1704062, at *1 (Tex.
Crim. App. June 13, 2007) (per curiam) (mem. op., not designated for publication). 
Thus, the trial court exceeded its authority. Accordingly, we hold that the portion of
the capias order that violates the authority establishing that Bourg's contempt
sentence continued to run during the period of her erroneous release is void.

 Having held that the capias order is void because it violates Bourg's right to
earn good-time credit and having held that the capias order is void because it fails to
account for the period of her erroneous release, and, because the trial court, in its
capias order, imposed an additional 180 days of confinement based upon Bourg's
erroneous release and not based upon any new contempt violations, we further hold
that the capias order is void in its entirety.

 Moreover, as noted above, even Clay agrees that Bourg's sentence would have
already expired had she not been erroneously released. Accordingly, we conclude
that her contempt sentence has expired and that the trial court has no authority to
impose any additional contempt sentences against Bourg based upon her erroneous
release. See Cross, 2007 WL 1704062, at *1 (noting that applicant who had been
erroneously released and who "had not violated the conditions of his release at the
time his mandatory supervision was rescinded" was "entitled to jail time credit for the
time from the date he was erroneously released to mandatory supervision until the
date he was returned to the custody of the Texas Department of Criminal Justice").

 Finally, we distinguish Ex parte Lee, relied upon by Clay to argue that Bourg
is not entitled to "street credit" for the period of her erroneous release. 223 S.W.3d
360, 361 (Tex. Crim. App. 2006) (per curiam). Clay asserts that, under Lee, Bourg
should not receive credit for this period because the trial court issued a capias order
only sixteen days after she was erroneously released. First, we note that we have
previously held that the capias order was void in its entirety. A void capias order
would not operate to preclude Bourg's sentence from running during the period of
Bourg's erroneous release. Second, in Lee, the applicant was not ordered to return
to jail after it was realized that he had been erroneously released. Id. Rather, the
applicant had been released on parole, but his parole was subsequently revoked. Id. 
Thus, the court's holding in Lee that the applicant was not entitled to credit for the
time that he spent on supervised release has no application to whether Bourg's
contempt sentence continued to run during the period of her erroneous release. See
Cross, 2007 WL 1704062, at *1. 

Conclusion


 We grant relator's petition for habeas corpus and order that the trial court's
capias order is void.


 


 Terry Jennings

 Justice


Panel consists of Chief Justice Radack and Justices Jennings and Bland.
1. Clay v. Bourg, No. 2002-03005 (245th Dist. Ct., Harris County, Tex. Mar. 27, 2008).
2. The parties dispute the number of days that were actually remaining on Bourg's
original 180-day contempt sentence at the time the trial court revoked the suspension
of Bourg's commitment. Bourg asserts in her petition that, at the time of the
revocation, she only had 130 days remaining on her original 180-day sentence because
she had earned "good-time credit" in accordance with the Harris County Sheriff's
Office's policy. The policy, which she attached to her petition, provided that
"'[g]ood-[t]ime [c]redit' is applied to every case unless the individual is serving time
as a condition of probation or [d]isciplinary has taken action through disciplinary
proceedings . . . ." In further support of her claims, she presented affidavit testimony
that no disciplinary proceedings had been brought against her during her twenty-five
days in jail. Bourg also attached a "[c]riminal [r]ecords [c]heck" from the Harris
County Sheriff's Office, establishing that she had, in fact, served twenty-five days in
jail from June 4, 2004 to June 29, 2004. In response, Clay asserts that the criminal
records check document "makes no mention of good[-]time credit, contrary to the
stated policy." However, we need not directly address whether Bourg established that
she had earned "good-time credit" because, as explained below, we conclude that the
capias order is void in its entirety.
3. In re Bourg, No. 01-07-00623-CV, 2007 WL 2446844 (Tex. App.--Houston [1st
Dist.] Aug. 27, 2007, orig. proceeding) (mem. op.).
4. Although the parties agree that Bourg was erroneously released, because the parties
dispute whether Bourg earned good-time credit, the parties provide different dates on
which they contend Bourg should have been released. Bourg asserts that, had she not
been erroneously released, she would have completed her contempt sentence on May
22, 2008. In contrast, Clay asserts that, had Bourg not been erroneously released,
Bourg would have completed her contempt sentence on August 2, 2008. As
previously stated, because we conclude that the capias order is void in its entirety, we
need not directly address the parties' dispute over whether Bourg earned good-time
credit. Nevertheless, we note that, under either party's calculations, had Bourg not
been erroneously released, Bourg's contempt sentence would have already expired.