NO












 
 
 
 
 
 
  
 
 
 
 
  
 


NO. 12-10-00233-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: MARLIN D. ALEXANDER
,

                                                                             '                 ORIGINAL
PROCEEDING

RELATOR

                                                                             '     

 

 

 





 

MEMORANDUM
OPINION

PER
CURIAM

            Relator
Marlin D. Alexander complains of the trial court’s denial of his motion for
judgment nunc pro tunc by which he sought to correct an alleged error in
“flat-time calendar-time” credit.

            The
court of criminal appeals has exclusive jurisdiction to grant postconviction
relief from an otherwise final felony conviction.  See Bd. of Pardons
& Paroles ex rel. Keene v. Eighth Court of Appeals, 901 S.W.2d 481,
483 (Tex. Crim. App. 1995); see also Tex.
Code Crim. Proc. Ann. art. 11.07 (Vernon Supp. 2009).  This includes
matters relating to flat time credit.  See, e.g., Ex parte Lee,
223 S.W.3d 360, 360-61 (Tex. Crim. App. 2006).

            In
this case, Relator contends that he has been improperly denied credit for the
time he was in the custody of the Bradshaw State Jail Facility, pending a
detainer, from March 28, 2005 until he was released out on parole on July 12,
2006 (one year, eleven months, and six days).  He filed a motion for judgment
nunc pro tunc in the trial court, which was denied.  He now seeks a writ of
mandamus directing the trial court to grant him the proper credit.[1] 
However, we have no jurisdiction in this matter.  The proper avenue for
resolving the issue is by application for writ of habeas corpus as authorized
by article 11.07.  See Keene, 901 S.W.2d at 483.  Accordingly,
Relator’s petition for writ of mandamus is dismissed.  All
pending motions are overruled as moot.

Opinion delivered July 30, 2010.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)









                 [1]
A motion for judgment nunc pro tunc is filed when a defendant alleges an error
in presentence jail time credit.  See Ex parte Ybarra, 149 S.W.3d
147, 148 (Tex. Crim. App. 2004).  Relator’s complaint does not relate to
presentence jail time.