**Ex parte Cecil Lewis WILLIAMS.**

**No. 62646.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 21, 1979.

Robert Huttash, State's Atty., Austin, for the State.

ROBERTS, Judge.

This is a post-conviction application for writ of habeas corpus. The petition alleges that the applicant was denied credit for 106 days' jail time spent prior to his transfer to the Texas Department of Corrections. The State does not disagree with appellant's contention that he is entitled to credit for such jail time. Accordingly, we hold that the applicant is entitled to this relief.

Applicant also complains of the loss of "good time" credits for time spent in county jails. Article 42.03, Section 4, V.A.C.C.P., states that "[T]he Department of Corrections shall grant the defendant such credit for good behavior for the time spent in jail as he would have earned had he been in the custody of the department." Applicant asserts that he was denied any good time credit because of one instance of misconduct while he was in the county jail. Article 6184*l*, V.A.T.S., in pertinent part provides, " . . . [f]or each sustained charge of misconduct . . . any part or all of the commutation which will have accrued in favor of the prisoner to the date of said misconduct may be forfeited and taken away . . . ." Similarly, Article 6181–1, Section 4, V.A.T.S. (replacing Article 6184*l*), in pertinent part provides,

" . . . if during the actual term of imprisonment in the department, an inmate commits an offense or violates a rule of the department, all or any part of his accrued good conduct time may be forfeited by the director."

It is applicant's contention that since he was given no good time credit subsequent to the commission of a single act of misconduct for which all of his county jail good time was forfeited, his rights under the above-quoted statutes were violated. This is so, he claims, because the statutes speak of the forfeiture of good time already accrued. Because applicant was denied credit also for whatever good time he might have accumulated after his misconduct, that is to say, credit unaccrued at that time, he would have us hold that his rights were violated by the Texas Department of Corrections.

Additionally, applicant claims violation of the equal protection clause of the Constitution because of the disparity in treatment of prisoners in county jails and those in the actual custody of the Texas Department of Corrections. Applicant notes that, "The director may, however, in his discretion, restore good conduct time forfeited . . . subject to rules and policies to be promulgated by the department." Article 6181–1, Section 4, V.A.T.S.

Applicant alleges that it is the current policy of the Texas Department of Corrections to restore all or part of a prisoner's good time credit if there has been no misconduct by that prisoner for a period of six months. Since the transcript forwarded to us contains a finding of the trial court that there are no controverted, previously unresolved facts material to the legality of applicant's confinement and the State, in its answer, does not take issue with it, we shall accept applicant's statement that the Texas Department of Corrections regulations are as he alleges them to be. Applicant states that this policy of restoring good time is only applied if the time is lost due to misconduct of a prisoner in the actual custody of the Texas Department of Corrections. It is his claim that such a differentiation is violative of Article 42.03, Section 4, V.A.C.C.P.

We see no reason why an inmate should forfeit all good conduct time accrued *subsequent* to one incident of misconduct in the county jail, when the same standard is not applied to time served in the actual custody of the Texas Department of Corrections. We recognize that the award or denial of good time is within the discretion of the director of the Texas Department of Corrections and we are not to be understood as limiting such discretion. We merely hold that the exercise of this discretion must not be circumscribed by an inflexible rule which prescribes different and less favorable consideration for a Texas Department of Corrections inmate who has served part of his term in a county jail. Accordingly, applicant is entitled to have considered, for purposes of determining good time credit, the period of time served in jail subsequent to the commission of the one above-mentioned incident of misconduct.

Relief granted.