Christopher Gene KULOW, Appellant

v.

The STATE of Texas, Appellee

NO. 14-15-00858-CR

Court of Appeals of Texas, Houston (14th Dist.).

Opinion Filed June 15, 2017

Rehearing En Banc Overruled July 20, 2017

Discretionary Review Refused October 4, 2017

Scot R. Courtney, San Marcos, TX, Gregory B. Cagle, Houston, TX, for Appellant

Charles Karakashian, Jr., Gatesville, TX, Julie L. Renken, Brenham, TX, for Sate.

Panel consists of Justices Busby, Donovan, and Brown.

## OPINION

J. Brett Busby, Justice

Appellant Christopher Kulow, a former deputy jailer, was convicted of official oppression and sentenced to one year in county jail for assaulting a restrained inmate under his charge. *See* Tex. Penal Code Ann. § 39.03 (West 2016). Appellant appeals his conviction, raising two issues. Appellant first argues the trial court erred in not allowing him time to develop or use information that the State belatedly disclosed in violation of *Brady*. We conclude there was no *Brady* violation because appellant did not show prejudice.

Appellant also contends the trial court erred in preventing him from questioning a witness about the witness's criminal history. We conclude the trial court did not abuse its discretion in excluding the witness's history as irrelevant or unfairly prejudicial. We therefore affirm the trial court's judgment.

### Background

Gregory Webb attended Blinn College from 2011 to 2013. In 2011, he was placed on probation for possession of marijuana. In August 2013, Webb was arrested for possession of marijuana, violating probation, and criminal trespass. After his arrest, Webb was placed in solitary confinement for disruptive behavior. Specifically, Webb was continuously pressing the jail's intercom system button from inside his cell, preventing other inmates and outside callers from using the system. While in solitary confinement, Webb displayed disruptive behavior again and continued to push the intercom button. Appellant and Deputy Jailer Shannon May went to Webb's cell with a restraint chair to stop Webb's disruptive behavior.

Appellant opened Webb's cell and Webb voluntarily walked to the restraint chair and sat down. As May secured Webb in the restraint chair, Webb cursed and insulted appellant. Webb did not physically resist May. Video evidence showed that before Webb was fully restrained, appellant knocked the restraint chair onto the ground and struck Webb in the face.

Appellant was charged with official oppression and his case proceeded to trial. Just before trial began, the State made a motion in limine requesting that defense counsel approach the bench before questioning Webb about his criminal history other than the offense for which he was jailed on the day of the incident. Defense counsel responded he had not received any criminal history from the State, and if there was any, he was entitled to it under *Brady*. The trial court ordered the State to deliver Webb's arrest records to defense counsel and granted the motion in limine. The arrest records showed Webb had been arrested for aggravated assault in March 2012 and aggravated assault in February 2015.

During Webb's direct examination, the State asked Webb when he stopped taking classes at Blinn College. Webb responded he stopped taking classes in May 2013. The State then asked if Webb "managed to get in some trouble" while at Blinn College. Webb then testified he was placed on probation for possession of marijuana in 2011. Webb testified that in August 2013, after he stopped taking classes at Blinn College, he was arrested for possession of marijuana, violating probation, and criminal trespass. This arrest was the reason Webb was in jail on the day of the incident with appellant.

After Webb's direct examination, defense counsel approached the bench and asked to cross-examine Webb about the 2012 aggravated assault arrest because the State mischaracterized the trouble Webb had gotten into while at Blinn College.

Defense counsel also requested permission to ask Webb about his 2015 arrest for aggravated assault, which occurred after the incident in question. The State responded that after Webb's arrest in 2012, the State closed the case for insufficient evidence. Therefore, the State argued, it would be highly prejudicial to ask Webb about the arrest because there was no conviction. Defense counsel stated he could not respond to that because he did not have the State's file on the case. Before ruling on defense counsel's request, the trial court permitted counsel to review the file for Webb's 2012 arrest over lunch.

After the lunch break, defense counsel asked again to cross-examine Webb about his 2012 aggravated assault arrest because the State had opened the door and left a false impression with the jury about the trouble Webb was in while at Blinn College and why he left Blinn College. The State responded that it did not ask Webb why he left Blinn College, and that it asked him when he left simply to establish how long he had attended the school. Defense counsel also argued he should be allowed to cross-examine Webb about the 2015 arrest because the State led the jury to believe he had only been charged with Class B misdemeanors. The State responded that the 2015 arrest was irrelevant because it was not the reason Webb was in jail on the day of the incident with appellant.

The trial court ruled that the 2015 arrest was irrelevant. The trial court also denied defense counsel's request to cross-examine Webb about his 2012 arrest. Defense counsel then requested a continuance to get Webb's records from Blinn College. The State responded that it was not relevant why Webb left Blinn College. The

trial court denied the requested continuance.

The jury convicted appellant of official oppression, and the trial court sentenced him to one year in jail. This appeal followed.

## ANALYSIS

In his first issue, appellant argues there was a *Brady* violation and the trial court erred when it did not allow appellant to properly obtain, develop, or use Webb's criminal history. In his second issue, appellant contends the trial court erred in preventing appellant from questioning Webb about his criminal history.

These two issues are closely related because they both involve Webb's criminal history. Resolving the second issue aids in our resolution of the first issue. Therefore, we address the second issue first.

## I. The trial court did not err when it denied appellant's request to question Webb about his criminal history.

Appellant argues the trial court erred when it denied his request to cross-examine Webb about his 2012 and 2015 arrests because the state "opened the door" and left a false impression with the jury.[1] We review a trial court's decision to admit or exclude evidence, as well as its decision as to whether the probative value of the evidence was substantially outweighed by the danger of unfair prejudice, for an abuse of discretion. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). An abuse of discretion occurs only if the trial court's determination lies outside the zone of reasonable disagreement. *Id.*

---

1.  Appellant also references Rules of Evidence 404(b) and 608(b) in his argument. We do not consider those parts of his argument because

he did not mention those rules in the trial court. *See* Tex. R. App. P. 33.1; *Pena v. State*, 285 S.W.3d 459, 464 (Tex. Crim. App. 2009).

Evidence of a past crime, wrong, or other act is inadmissible to prove a person acted in conformity with a character trait. Tex. R. Evid. 404(b). But inadmissible evidence may become admissible when a party "opens the door" to such evidence. *Hayden v. State*, 296 S.W.3d 549, 554 (Tex. Crim. App. 2009). "A party opens the door by leaving a false impression with the jury that invites the other side to respond." *Id.* Even if a party "opens the door," however, the trial court still has discretion to exclude the evidence under Rule 403. *Id.* A trial court may exclude evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Tex. R. Evid. 403.

Generally, a party cannot impeach a witness with extrinsic evidence on a collateral issue. *Hayden*, 296 S.W.3d at 554. "An issue is collateral if, beyond its impeachment value, a party would not be entitled to prove it as a part of his case tending to establish his plea." *Id.* (internal quotations omitted). Unless a witness's testimony left a false impression that is "directly related to the offense charged, allowing a party to delve into the issue beyond the limits of cross examination wastes time and confuses the issues." *Id.* (internal quotations omitted).

Appellant argues the trial court erred when it prevented him from inquiring about Webb's criminal history. He argues the State diminished Webb's legal trouble while he was at Blinn College. The 2012 arrest for aggravated assault, appellant contends, might have explained why Webb left Blinn College. Additionally, appellant argues he should have been allowed to question Webb about the 2015 arrest because the State opened the door to character evidence by minimizing his two Class B misdemeanors.

The State responds that the reason Webb left Blinn College is of no consequence to the incident with appellant. In the State's view, it did not suggest that Webb never had any trouble with the law and so it did not open the door. Its purpose in identifying Webb's misdemeanors was to explain why he was in jail. The 2012 and 2015 aggravated assault arrests, the State contends, are collateral issues.

As noted above, even if the State opened the door, the trial court had discretion to exclude the 2012 and 2015 arrests under Rule 403. *Hayden*, 296 S.W.3d at 554. The charge of aggravated assault following the 2012 arrest was dismissed for insufficient evidence. We hold it was not an abuse of discretion for the trial court to conclude the probative value of this arrest was substantially outweighed by the danger of unfair prejudice. *See* Tex. R. Evid. 403.

As to the 2015 arrest, the trial court agreed with the State that it was irrelevant and thus inadmissible. *See* Tex. R. Evid. 401–402. Because Webb's 2015 arrest occurred after the incident in question, we hold the trial court did not abuse its discretion in concluding that the arrest was irrelevant. In addition, even if the State "opened the door" to this evidence, the trial court would not have abused its discretion in concluding that the probative value of this subsequent arrest was substantially outweighed by unfair prejudice. *See* Tex. R. Evid. 403. We overrule appellant's second issue.

## II. Appellant fails to demonstrate he was prejudiced by the State's late disclosure of Webb's criminal history.

In his first issue, appellant argues he was denied his right to due process when the State untimely disclosed

Webb's criminal history.[2] *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). A *Brady* violation occurs when the State suppresses—willfully or inadvertently—material evidence favorable to a defendant. *Brady,* 373 U.S. at 87, 83 S.Ct. 1194; *Harm v. State,* 183 S.W.3d 403, 406 (Tex. Crim. App. 2006). To demonstrate reversible error under *Brady,* an appellant must show (1) the State suppressed evidence, regardless of the prosecution's good or bad faith; (2) the suppressed evidence is favorable to appellant; and (3) the evidence is material—that is, there is a reasonable probability that, had the favorable evidence been disclosed, the outcome of the trial would have been different. *See United States v. Bagley,* 473 U.S. 667, 682–83, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); *Ex parte Kimes,* 872 S.W.2d 700, 702 (Tex. Crim. App. 1993). Favorable evidence includes impeachment evidence as well as exculpatory evidence. *Bagley,* 473 U.S. at 676, 105 S.Ct. 3375.

When favorable evidence is not concealed but disclosed untimely, a defendant bears the burden to show that the delay resulted in prejudice. *See Little v. State,* 991 S.W.2d 864, 866 (Tex. Crim. App. 1999). A defendant is prejudiced if the result of the proceeding would have been different had the evidence been disclosed earlier. *Id.* at 866–67. Prejudice is not shown where the information is disclosed in time for the defendant to make effective use of it at trial. *Id.*

Even assuming the evidence of Webb's 2012 and 2015 arrests was favorable to appellant, he did not meet his burden to show the delayed disclosure resulted in prejudice. Appellant received the arrest records before Webb testified. He was also allowed to review the file on Webb's 2012 arrest during the lunch break before finishing Webb's cross-examination. Upon returning from the lunch break, he asked to question Webb about his past arrests. Appellant was, therefore, given the information in time to make a request (as required by the trial court's ruling in limine) to cross-examine Webb on his criminal history. *See Little,* 991 S.W.2d at 865–67 (holding State's failure to inform defendant that expert had lost paperwork from defendant's blood alcohol test until after expert testified, but before ˙defendant cross-examined expert, did not constitute *Brady* violation because defendant received information in time to use it effectively at trial).

Moreover, appellant was not prevented from cross-examining Webb about his criminal history because of the State's delayed disclosure. Rather, as explained above, the trial court denied his request based on evidentiary grounds. Appellant does not show how Webb's criminal history would have become admissible or would have changed the outcome of the trial had the State disclosed the information earlier. *See Ex parte Kimes,* 872 S.W.2d at 704 (requiring defendant to show undisclosed evidence would have been admissible).

Appellant also argues he was prejudiced because he was prevented from seeking Webb's Blinn College records regarding the nature of Webb's expulsion. Other than the 2012 arrest that the trial court ruled inadmissible, appellant does not demonstrate what the Blinn College records would have revealed. *Cf.* Tex. R. Evid. 103(a)(2) (requiring party to make court

---

**2.** To the extent appellant is arguing it was error to deny his motion for continuance, this error was not preserved because appellant did not file a sworn, written motion for continuance. Tex. Code Crim. Proc. Ann. arts. 29.03, 29.08 (West 2006); *Dewberry v. State,* 4 S.W.3d 735, 755 (Tex. Crim. App. 1999) ("A motion for continuance not in writing and not sworn preserves nothing for review.").

aware of substance of excluded evidence to preserve error). Nor does appellant show how the reason for Webb's expulsion would have changed the outcome of the trial. Therefore, appellant does not show he was prejudiced.

Without a showing of prejudice, appellant has failed to demonstrate there was a *Brady* violation. We overrule appellant's first issue.

CONCLUSION

Having overruled appellant's issues, we affirm the trial court's judgment.