**Opinion issued October 16, 2018**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00467-CR

———————————

## EX PARTE CHRISTOPHER GENE KULOW, Appellant

---

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Cause No. 36489**

---

## O P I N I O N

Appellant, Christopher Gene Kulow, appeals from the denial of his post-conviction application for a writ of habeas corpus, filed under Texas Code of Criminal Procedure article 11.09.[1]  Kulow, in his sole issue, contends that the trial

---

1       *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (West 2015) ("If a person is confined on a charge of misdemeanor, he may apply to the county judge of the county in which the misdemeanor is charged to have been committed, . . . .").

court erred in denying his habeas application because the Washington County Sheriff's decision to change his good-time credit policy after Kulow was confined violated his right to equal protection. We affirm.

## BACKGROUND

Kulow, a former deputy jailer, was convicted after a jury trial in 2015 of the Class A misdemeanor offense of official oppression for assaulting a restrained inmate in the Washington County Jail.[2] The trial court sentenced Kulow to one year's confinement in county jail. *See Kulow v. State*, 524 S.W.3d 383, 384 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Kulow was released on bond pending appeal when the Fourteenth Court of Appeals affirmed his conviction, the Court of Criminal Appeals refused review, and the mandate issued on November 10, 2017. *Id.*

On November 21, 2017, after Kulow was ordered to appear in the trial court for enforcement of the judgment of conviction, he was taken into custody by Washington County Sheriff Otto Hanak, who took office in 2013 after replacing Sheriff J.W. Jankowski. On May 21, 2018, through counsel, Kulow filed an application for a writ of habeas corpus claiming that he was being illegally confined and denied equal protection by Sherriff Hanak's failure to apply Texas Code of

---

[2] *See* TEX. PENAL CODE ANN. § 39.03(a)(1) (West 2011).

Criminal Procedure article 42.032 equally. Kulow argued that Sheriff Hanak had previously followed a "day for day" good-time credit policy to allow the early release of other jail trustees during Kulow's incarceration term. Kulow alleged that he was a jail trustee, indicating good conduct, which should have scheduled him for early release by May 22, 2018, but that he was being denied early release. On May 24, 2018, the habeas court signed an order granting the writ of habeas corpus to produce Kulow for the June 1, 2018 writ hearing.

**The Habeas Court's Writ Hearing**

The habeas court held a hearing on Kulow's writ on June 1, 2018, with only two witnesses offered: Sheriff Hanak, called by the State, and former Washington County Jail Officer Jean Brent, called by the defense. At the hearing, Sheriff Hanak testified that, because of Kulow's former employment as a Washington County deputy jailer, he authorized Kulow to be transferred to the Burleson County Jail to serve out his sentence for his own safety and security, but Kulow remained under Sheriff Hanak's custody. *See, e.g.*, TEX. LOC. GOV'T CODE ANN. § 351.044 (West 2005) ("A county to which a prisoner is sent due to the lack of a safe jail in the sending county as determined by the Commission on Jail Standards may recover by suit from the sending county the reasonable cost of keeping the prisoner.").

Officer Brent, who worked for two to three months at the Washington County Jail in September 2013, testified that her supervisor, then-Sergeant Kat Krueger, told

3

her that every inmate could earn two days good-time credit for each day served. It was well established under the previous regime that Sheriff's Jankowski's "good-time credit policy" was that every inmate could earn two days credit for every day served if they were a jail trustee. The jail staff continued to be trained on and use Sheriff Jankowski's "good-time credit policy" until February 5, 2018.

Sheriff Hanak testified that his intent upon taking office in 2013 was that "good-time credit" would not be given to any Washington County Jail inmates except for medical or age-related issues to be approved personally by him. When Kulow's family wrote to Sheriff Hanak requesting good-time credit for Kulow, he responded to them on January 18, 2018, explaining that, since taking office in 2013, he had not allowed sentences to be reduced by granting "good time" considerations unless a significant medical issue or age-related problem existed, and that none existed for Kulow.

On February 5, 2018, Sheriff Hanak wrote a memo to himself stating that on February 2, 2018, he had been notified by an attorney, John Anderson, that he was there to pick up an inmate named Mason Sconyers because he had served his time, including 2-for-1 good-time credit. Sheriff Hanak tried to explain to Mr. Anderson that he did not approve good-time credit unless there was a medical or age-related issue, but Mr. Anderson told him that it was common practice for his jailers to approve good-time credit. Sheriff Hanak asked his jailers and learned that day that

4

they had apparently continued approving good-time credit for all jail trustees, which was not what he had intended his new policy to be.

Sheriff Hanak's memo recounted that he then ordered Lieutenant Lowery and Captain Green to inform all jailers to discontinue the practice of approving all good-time credit unless Sheriff Hanak personally approved it for medical or age issues. The notes on Sconyers's "inmate request" form had been made by Lt. Krueger, who was reprimanded and told of Sheriff Hanak's order. Sheriff Hanak testified that he made this exception to order inmate Sconyers released on February 5, 2018, only because Lt. Krueger had previously promised the good-time credit to Sconyers in writing. Sheriff Hanak testified that he will approve good-time credit only for medical or age-related issues, but that he has not approved any so far, and that this new policy has applied to all inmates in his jail since February 5, 2018.

Kulow's counsel offered, and the trial court admitted, four examples of inmates, including Sconyers, who had been released early from Washington County Jail. On cross-examination, when Sheriff Hanak was asked if Kulow would have been released early had he received the same promise of good-time credit that Sconyers received, he testified, "If someone had told [Kulow] that and put proof of it in writing on paper, then we probably wouldn't be sitting here right now." When Kulow's counsel questioned Sheriff Hanak whether inmates had ever been released early from his jail, he testified that they had been released without his authorization

5

or knowledge. Sheriff Hanak testified that when he first heard, on February 5, 2018, that his jailers were approving good-time credit without his authorization, he immediately "shut [it] down at that point." Sheriff Hanak agreed with Kulow's counsel that he could see no difference between Kulow and the three inmates who had already received good-time credit.

During closing arguments, the State contended that the Code of Criminal Procedure makes it clear that "the granting of good[-]time credit is clearly within the discretion of the sheriff," and [h]e may have a policy to give it" or "not to give it," and the sheriff clearly stopped the prior practice of giving good time 2-for-1 credit on February 5, 2018. The State contended that, unlike inmate Sconyers, there was no evidence presented that Kulow was ever told that he was going to receive good time credit, and because Kulow was not even physically incarcerated at the Washington County Jail, he could not have been told that by any Washington County Jail staff. The State argued that the inmates presented by Kulow's counsel as similarly situated to him were not similarly situated because they had already been released on or before February 5, 2018, and that this policy was not retroactive. Thus, the State asserted that the people Kulow was similarly situated to were the inmates currently incarcerated on February 6, 2018, going forward, and because none of those inmates have received good-time credit, the writ should be denied.

In his closing arguments, Kulow's counsel conceded that the Code of Criminal Procedure allowed the sheriff the discretion to choose whether or not to have a good-time credit policy and that the trial court could not dictate to the sheriff how to credit a sentence after judgment. Instead, counsel contended that, because there was a good-time credit policy still being practiced at the time Kulow was placed in the custody of the Washington County Sheriff, the sheriff abused his discretion by changing that policy midstream. Kulow's counsel asserted that, because other similarly-situated inmates received good-time credit, that violated Kulow's right to equal protection because, if he had received it, he would have been released on May 22, 2018.

In rebuttal, the State responded that inmate Sconyers was different from Kulow because Sconyers' 120-day sentence was satisfied on February 5, 2018, based on the prior practice of the good-time credit policy. But the State argued that because the prior good-time credit policy stopped being enforced on February 6, 2018, Kulow was similarly situated to all those inmates still incarcerated whose sentences had not been satisfied and similarly had not received good-time credit.

At the end of the hearing, the habeas court ruled that, "[a]fter considering the testimony and the argument of counsel, the Court is going to deny the writ requested by Mr. Kulow," and he remains in the custody of the sheriff of Washington County.

7

The habeas court did not issue a signed order denying the writ and neither party requested findings of fact and conclusions of law.

Kulow timely filed a notice of appeal. Because the clerk's record did not contain either a signed order or a trial court's certification of Kulow's right of appeal, the Clerk of this Court requested that a supplemental clerk's record be filed with those items. *See* TEX. R. APP. P. 25.2(a)(2), (d), 37.1. A supplemental clerk's record was filed containing the habeas court's June 27, 2018 signed order denying Kulow's application and signed certification stating that he had a right of appeal. After this Court requested briefing, both Kulow and the State filed briefs. *See* TEX. R. APP. P. 31.1.

## DISCUSSION

Kulow contends that the habeas court erred by denying his writ based on violation of equal protection by the Washington County Sheriff. Kulow asserted that, because the 2-for-1 good-time credit policy was in place and practiced at the time he was incarcerated on November 21, 2017, it was an abuse of discretion for Sheriff Hanak to change that policy after February 5, 2018. Kulow further contends that he was subjected to unequal treatment when compared to at least three other inmates who were confined after Kulow was incarcerated but who were released prior to the discharge of their full sentences. Finally, Kulow argued that even Sheriff Hanak agreed that there was no difference between Kulow and the three inmates

8

who had received good-time credit and, thus, Kulow contended that there was no rational basis for denying him good-time credit.

The State responded by arguing that the trial court did not err in denying Kulow's writ because the sheriff had the authority to change his policy and Kulow was treated the same as all the inmates situated similarly to him. The State conceded that, up until February 5, 2018, the Washington County Jail had a 2-for-1 good-time credit policy for all inmates who had obtained trustee status and that it was undisputed that Kulow had trustee status on that date. But the State argued that Kulow did not cite any authority that requires a good-time credit policy to have been in writing and it was undisputed that the sheriff changed his policy on February 5, 2018, through his memo written that day. Finally, the State contends that because Kulow "is similarly situated to all trustees that were still in custody on that date and had not fulfilled at least half their sentence," he has failed to carry his burden to show evidence that a similarly-situated inmate has received credit.

## A.    Standard of Review

A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. *State v. Collazo*, 264 S.W.3d 121, 125–26 (Tex. App.—Houston [1st Dist.] 2007) (citing

9

TEX. CONST. art. V, § 8; TEX. CODE CRIM. PROC. ANN. art. 11.09, 11.21, 11.22 (Vernon 2005)).

Generally, an appellate court reviews a trial court's decision to grant or to deny habeas corpus relief for an abuse of discretion. *See Ex parte Montano*, 451 S.W.3d 874, 877 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd) (citation omitted). In reviewing the trial court's decision to grant or to deny habeas corpus relief, we view the evidence in the light most favorable to the trial court's ruling. *See id.* (citation omitted). We will uphold the habeas court's judgment if it is correct under any theory of law. *See Ex parte Murillo*, 389 S.W.3d 922, 926 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

When there are no written findings explaining the factual basis for the trial court's ruling, we imply findings of fact that support the ruling so long as the evidence supports those implied findings. *Ex parte Montano*, 451 S.W.3d at 877 (citation omitted). "We similarly defer to any implied findings and conclusions supported by the record." *Ex parte Aguilera*, 540 S.W.3d 239, 246 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (internal quotation marks and citation omitted). However, we review de novo mixed questions of law and fact that do not depend on credibility and demeanor. *See id.*

**B. Applicable Law**

Entitlement to jail time credit may be based upon either actual or constructive custody. *See Ex parte Hudson*, 655 S.W.2d 206, 208 (Tex. Crim. App. 1983). Section 2 of Texas Code of Criminal Procedure 42.032 provides that,

> The sheriff in charge of each county jail may grant commutation of time for good conduct, industry, and obedience. A deduction not to exceed one day for each day of the original sentence actually served may be made for the term or terms of sentences if a charge of misconduct has not been sustained against the defendant.

TEX. CODE CRIM. PROC. ANN. art. 42.032 § 2 (West 2006 & Supp. 2018).

This statute gives the sheriff the authority to grant an inmate in his custody good-time credit of one day for every day served. *See Ex parte Daniels*, 722 S.W.2d 707, 712 (Tex. Crim. App. 1987) (court held Texas Revised Civil Statutes Annotated article 5118a, predecessor statute to article 42.032, gave sheriff authority to give good-time credit to one serving sentence for criminal contempt); *see also Ex parte Matthews*, No. 01-93-01083-CV, 1994 WL 7246, at *2 (Tex. App.—Houston [1st Dist.] 1994, no pet.). "The trial court does not have the authority to restrict a sheriff's discretion concerning the granting of good-conduct time." *Jones v. State*, 176 S.W.3d 47, 52 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citations omitted) (affirming conviction after reforming judgment to remove serving sentence "day for day" which improperly restricted sheriff from potentially granting good-time conduct). "Further, the trial court has no authority to place a limit on the operation

11

of article 42.032 by fixing the time for the discharge of a sentence." *Id.* (citing *Kopeski v. Martin*, 629 S.W.2d 743, 745–46 (Tex. Crim. App. 1982)). Although an inmate "has no absolute right to good time credit, that decision being within the discretion of the sheriff," the inmate "does have the right to be considered for good time credit." *In re Cortez*, 143 S.W.3d 265, 268 (Tex. App.—San Antonio 2004, orig. proceeding) (granting mandamus petition to order trial court to modify judgment to remove "DAY FOR DAY" from judgment).

The prior good-time credit "statute does not create a duty in the sheriff to award certain credits for good conduct; it only gives the sheriff discretion to award such credit." *Kopeski*, 629 S.W.2d at 746. Thus, "the sheriff has sole discretion to award good-conduct credit." *Jones*, 176 S.W.3d at 52 (citing *Ex parte Hall*, 838 S.W.2d 674, 677 (Tex. App.—Dallas 1992, orig. proceeding)). "Of course, a sheriff has a duty to consider each inmate's conduct for such credits, and consideration must be given equitably." *Kopeski*, 629 S.W.2d at 746 (citing *Ex parte Williams*, 589 S.W.2d 711 (Tex. Crim. App. 1979)); *see also Ex parte Daniels*, 722 S.W.2d at 711–12 ("However, since the granting of such 'good time' credit rests solely in the discretion of the sheriff, [. . .] and since the instant record fails to reveal any facts tending to demonstrate an abuse of such discretion," the Court of Criminal Appeals did not interfere with a sheriff's discretionary decision not to grant credit and denied an inmate's equal-protection claim).

12

In a case involving a different statute for good-time credit earned in county jail before the inmate was transferred to prison, Section 4 of Article 42.03, the Court of Criminal Appeals granted an applicant's habeas application based on equal protection. *See Ex parte Williams*, 589 S.W.2d at 712. The *Williams* Court held that it could "see no reason why an inmate should forfeit all good conduct time accrued [s]ubsequent to one incident of misconduct in the county jail, when the same standard is not applied to time served in the actual custody of the Texas Department of Corrections." *Id.* Similarly, in a case involving whether the prior good-time credit statute, Texas Revised Civil Statutes Annotated article 5118a, should apply to the appellant, a county jail inmate found in criminal contempt for failure to pay child support, the Texas Supreme Court granted that appellant's habeas application. *See Ex parte Acly*, 711 S.W.2d 627, 628 (Tex. Crim. App. 1986) ("In addressing [appellant's] equal protection claim, we find no rational basis for denying him the same opportunity to earn a sentence commutation as other county jail inmates."). However, the *Acly* Court noted that its "holding in this cause is not to be construed as eliminating the sheriff's discretion in allowing or disallowing 'good time' as provided in article 5118a." *Id.*

## C.    Analysis

Here, because Kulow is confined as a result of his misdemeanor official oppression conviction, we have jurisdiction to review the denial of his article 11.09

13

habeas application. *See Collazo*, 264 S.W.3d at 125–26. Furthermore, while Kulow is confined in the Burleson County Jail, Sheriff Hanak testified that Kulow was transferred there for his safety and is still under Sheriff Hanak's custody. Thus, Kulow remains under the constructive custody of the Washington County Sheriff for good-time credit purposes. *See Ex parte Hudson*, 655 S.W.2d at 208. And, because the habeas court did not issue any findings of fact and conclusions of law, we imply findings of fact that support the ruling so long as the evidence supports those implied findings. *See Ex parte Montano*, 451 S.W.3d at 877.

### 1. No Abuse of Discretion Committed by Sheriff

Kulow listed only an equal-protection claim in his habeas application, and it was the sole issue in his brief. But Kulow also argued that Sheriff Hanak abused his discretion by changing the prior 2-for-1 good-time credit policy after February 5, 2018.

As noted above, "[T]he sheriff has sole discretion to award good-conduct credit." *Jones*, 176 S.W.3d at 52. Sheriff Hanak testified that, after learning from inmate Sconyers's attorney that his jailers had been approving good-time credit for all jail trustees without his authorization, his February 5, 2018 memo indicated that he notified his jailers that he was discontinuing the prior good-time credit policy and was limiting it for medical or age-related issues to be approved personally by him. Sheriff Hanak testified that he made one exception, ordering inmate Sconyers

14

released on February 5, 2018, only because Lt. Krueger had previously promised the good-time credit to Sconyers in writing. If the prior Sheriff Jankowski had the sole discretion to award good-time credit to all jail trustees, Sheriff Hanak also has the sole discretion to decide whether to continue or discontinue awarding good-time credit in that manner. Thus, Kulow failed to establish that Sheriff Hanak abused his discretion in discontinuing the prior good-time credit policy after February 5, 2018, and the record does not show any abuse of such discretion. *See Ex parte Daniels*, 722 S.W.2d at 711–12. Accordingly, to the extent that this was a separate issue, we hold that the trial court acted within its discretion in denying Kulow habeas relief on his claim that Sheriff Hanak abused his discretion.

## 2. No Equal Protection Violation Committed by Sheriff

Moreover, Kulow has failed to provide evidence of an equal-protection violation committed by Sheriff Hanak. As noted above, while an inmate "has no absolute right to good time credit, that decision being within the discretion of the sheriff," the inmate "does have the right to be considered for good time credit." *In re Cortez*, 143 S.W.3d at 268; *see also Kopeski*, 629 S.W.2d at 746 ("Of course, a sheriff has a duty to consider each inmate's conduct for such credits, and consideration must be given equitably."). We imply findings that the habeas court, in denying Kulow's writ, found that the four inmates proffered by Kulow's counsel were Washington County jail trustees, but they were not similarly situated to Kulow

because the evidence supports those implied findings. *See Ex parte Montano*, 451 S.W.3d at 877. Of the four inmate examples proffered by Kulow's counsel and admitted by the trial court, they all had shorter sentences than Kulow's: (1) Jesus Vega was booked on November 17, 2017, for a 70-day sentence and was released after 35 days served on December 19, 2017; (2) Stefanie Nacole Ondrias was booked on December 29, 2017, for a 35-day sentence and was released after 18 days served on January 15, 2018; (3) Sconyers was booked on December 6, 2017, for a 120-day sentence and was released after 62 days served on February 5, 2018; and (4) Martin Vargas-Rodriguez was booked on October 15, 2014, for a 90-day sentence and was released after 47 days served on December 1, 2014. Only the first three inmates were booked in the same month or later than Kulow, who was booked on November 21, 2017.

In this case, the habeas court impliedly found that Kulow was a jail trustee, but he was not similarly situated to any of the four inmate examples because, even though the first three were booked in or around the same month as Kulow, all of their sentences were for 120 days or less, a significantly shorter time period than his one-year sentence. *See Ex parte Montano*, 451 S.W.3d at 877. As a result, all four inmates were released when their sentences had been satisfied under the prior 2-for-1 good-time credit policy before Sheriff Hanak changed it on February 5, 2018. No exceptions were made after Sconyers who, unlike Kulow, had a written promise.

16

Even if the prior policy were applied to Kulow, his one-year sentence was not scheduled to be satisfied until May 22, 2018, after the policy had changed, and no inmates received good-time credit after February 5, 2018. Because Sheriff Hanak discontinued the good-time credit policy on February 5, 2018, limiting it to medical or age-related issues, and he testified that no inmates had been approved so far, the habeas court impliedly found that the sheriff has been considering each inmate's conduct in an equitable manner from that date forward. *See Kopeski*, 629 S.W.2d at 746. The habeas court also impliedly found that Kulow was similarly situated to all those inmates still incarcerated on February 6, 2018, whose sentences had not been satisfied and who similarly had not received good-time credit. *See Ex parte Montano*, 451 S.W.3d at 877. Accordingly, there was a "rational basis" for the habeas court's denial of Kulow's equal protection claim because he was not similarly situated to the four inmate examples: all had shorter sentences; he had no written promise; and he failed to show evidence that a similarly-situated inmate had received good-time credit on or after February 6, 2018. *Cf. Ex parte Acly*, 711 S.W.2d at 628.

Accordingly, we hold that the trial court acted within its discretion in denying Kulow habeas relief on his equal-protection claim. We overrule his sole issue.

17

**CONCLUSION**

We affirm the order of the trial court denying habeas relief.


Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Publish.  TEX. R. APP. P. 47.2(b).