

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00236-CR

———————————————

MICHAEL DILLON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 372nd District Court
Tarrant County, Texas
Trial Court No. 1831953

---

Before Sudderth, C.J.; Kerr and Womack, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

### I. INTRODUCTION

Appellant Michael Dillon pleaded guilty to the continuous sexual abuse of a child younger than fourteen years of age, *see* Tex. Penal Code Ann. § 21.02(b), and following a jury trial on punishment, was sentenced to life in prison without parole. On appeal, Dillon contends in a single point that the trial court abused its discretion by excluding certain mitigating evidence during the punishment trial. We will affirm.

### II. BACKGROUND

In 2023, Dillon shared a home with several family members, including his seven-year-old grandniece, A.D.; A.D.'s father, C.D. (who is Dillon's nephew); and A.D.'s grandmother D.D. (who is Dillon's sister).[1] While the Department of Family and Protective Services was conducting an investigation concerning another child in the home, A.D. made an outcry of sexual abuse against Dillon. During a police interview, Dillon confessed that he had sexually abused A.D. when she was between the ages of two and seven.

Dillon was charged in an eight-count indictment with (1) continuous sexual abuse of a child younger than fourteen years of age (Count One), (2) five counts of aggravated sexual assault of a child (Counts Two through Six), and (3) two counts of

---

[1]Because the victim was a minor at the time that the offense was committed, we refer to her and her family members—other than the appellant—by their initials. *See* Tex. R. App. P. 9.10(a)(3), (b).

indecency with a child by sexual contact (Counts Seven and Eight). The indictment also included two special issues alleging that the offenses had been committed when A.D. was younger than six years of age.[2]

After rejecting the State's plea-bargain offer of forty years in prison, Dillon pleaded not guilty to all eight counts and not true to the two special issues. But after the jury was seated, Dillon changed his plea to guilty on all counts except for Count Four and pleaded true to both special issues. The State waived Count Four, and the trial proceeded directly into the punishment phase. After presenting its punishment evidence, the State waived all of the remaining counts except for Count One.[3]

The jury assessed a sentence of life in prison without parole on Count One, and the trial court sentenced Dillon accordingly. This appeal followed.

### III. DISCUSSION

In his sole appellate point, Dillon contends that the trial court "erred by excluding mitigating evidence of remorse, empathy, and acceptance of responsibility through the victim's family." Specifically, he complains about the trial court's refusal to allow D.D. and C.D. to testify regarding their desire to avoid putting A.D. through

---

[2]*See* Tex. Penal Code Ann. § 22.021(f)(1) (increasing the minimum punishment for aggravated sexual assault to twenty-five years' imprisonment if "the victim of the offense is younger than six years of age at the time the offense is committed").

[3]The State waived the other counts because Dillon could not be convicted of both Count One and its component offenses. *See* Tex. Penal Code Ann. § 21.02(e); *Moore v. State*, No. 02-17-00277-CR, 2018 WL 3968491, at *8 (Tex. App.—Fort Worth Aug. 16, 2018, pet. ref'd) (mem. op., not designated for publication).

the emotional duress of a trial and their frustration with the prosecutors' purported lack of communication and refusal to accept Dillon's counteroffer of twenty years in prison during plea negotiations. According to Dillon, the excluded testimony was relevant to sentencing, and the trial court therefore abused its discretion by excluding it. We disagree.

## A. Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Zuliani v. State*, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003); *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex. Crim. App. 1990) (op. on reh'g). We will not reverse a trial court's decision to admit or exclude evidence unless the record shows a clear abuse of discretion. *Zuliani*, 97 S.W.3d at 595. An abuse of discretion occurs only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Id.* If the trial court's evidentiary ruling is correct on any applicable theory of law, we will not disturb it even if the trial court gave the wrong reason for its correct ruling. *De la Paz v. State*, 279 S.W.3d 336, 344 (Tex. Crim. App. 2009); *Qualls v. State*, 547 S.W.3d 663, 675 (Tex. App.—Fort Worth 2018, pet. ref'd).

## B. Analysis

Article 37.07 of the Texas Code of Criminal Procedure allows the State and the defendant to offer during the punishment phase of a trial evidence as to "any matter the court deems relevant to sentencing." Tex. Code Crim. Proc. Ann. art. 37.07,

4

§ 3(a)(1). Generally, evidence is relevant if it has "any tendency to make a [consequential] fact more or less probable than it would be without the evidence." Tex. R. Evid. 401. Evidence is "relevant to sentencing" for purposes of Article 37.07, Section 3(a)(1) if it is "helpful to the jury in determining the appropriate sentence for a particular defendant in a particular case." *McGee v. State*, 233 S.W.3d 315, 318 (Tex. Crim. App. 2007) (quoting *Rodriguez v. State*, 203 S.W.3d 837, 842 (Tex. Crim. App. 2006)). Even if evidence is relevant, a trial court has the discretion to exclude it if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or needlessly presenting cumulative evidence. Tex. R. Evid. 403; *see Kulow v. State*, 524 S.W.3d 383, 387 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd) (recognizing that trial court has discretion to exclude relevant evidence under Rule 403 even if defendant opened the door to its admission).

Dillon asserts that the excluded evidence reflects his remorse and acceptance of responsibility and was therefore relevant to sentencing. But while evidence of remorse may be relevant to sentencing because it tends to mitigate fault, *see Wells v. State*, 611 S.W.3d 396, 422 (Tex. Crim. App. 2020), D.D.'s and C.D.'s desire to avoid putting A.D. through the distress associated with a trial and their frustration with the prosecutors' purported lack of communication and unwillingness to accept Dillon's counteroffer during plea negotiations has no bearing on Dillon's remorse or contrition. Indeed, because the excluded evidence has nothing to do with Dillon's

5

conduct, it does not bear on his moral blameworthiness at all. *See Rhoades v. State*, 934 S.W.2d 113, 126 (Tex. Crim. App. 1996) (holding that photographs depicting appellant's "cheerful early childhood" were "irrelevant to [his] moral blameworthiness for the commission of a violent double-murder because such evidence ha[d] no relationship to [his] conduct in those murders"); *Rodriguez v. State*, No. 04-00-00399-CR, 2002 WL 461379, at *4–5 (Tex. App.—San Antonio 2002, no pet.) (not designated for publication) (holding that appellant was not entitled during the trial's punishment phase to cross-examine police officer regarding the officer's warrantless entry into a third party's home for purpose of executing an arrest warrant upon appellant because the lack of a search warrant was not relevant to appellant's conduct). Thus, the trial court properly determined that this evidence was irrelevant. *See Rhoades*, 934 S.W.2d at 126.

Further, even if we were to accept Dillon's assertion that the excluded evidence showed his remorse or contrition, we would still conclude that the trial court properly excluded it. Only a defendant himself—not a third party—may testify regarding his contrition or remorse. *Swallow v. State*, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992); *Thomas v. State*, 638 S.W.2d 481, 483–84 (Tex. Crim. App. 1982); *Orellana v. State*, 489 S.W.3d 537, 549 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd) (citing *Thomas*, 638 S.W.2d at 483). Thus, even if D.D.'s and C.D.'s excluded testimony had some bearing on Dillon's remorse or contrition, the trial court did not err by

6

excluding it. *See Swallow*, 829 S.W.2d at 225; *Thomas*, 638 S.W.2d at 483–84 *Orellana*, 489 S.W.3d at 549.

Finally, even if the evidence had been wrongly excluded, any such error would be harmless. *See Sparks v. State*, No. 02-22-00247-CR, 2024 WL 1318946, at *5 (Tex. App.—Fort Worth Mar. 28, 2024, no pet.) (mem. op., not designated for publication) (pointing out that "the erroneous admission or exclusion of evidence will not result in reversal unless the error affected the defendant's substantial rights, meaning that it 'had a substantial and injurious effect or influence in determining the jury's verdict'" (quoting *Bosquez v. State*, 446 S.W.3d 581, 585 (Tex. App.—Fort Worth 2014, pet. ref'd) (mem. op.))). As noted, Dillon's stated reason for offering the excluded evidence was to show that he was remorseful, had accepted responsibility for his actions, and wanted to prevent A.D. from the distress associated with a trial. But at trial, Dillon himself told the jury that he had wanted to avoid a trial so that A.D. would not have to testify and that he had expressed his desire to plead guilty to the prosecutors. Because Dillon testified to substantially the same evidence that he claims was improperly excluded, any error in the evidence's exclusion was harmless. *See Mosley v. State*, 983 S.W.2d 249, 258 (Tex. Crim. App. 1998) (op. on reh'g) (recognizing that when evidence is wrongly excluded, "the admission of evidence similar to what the appellant wished to offer may . . . mitigate against the harm he would have otherwise suffered"); *Johnson v. State*, 925 S.W.2d 745, 749 (Tex. App.—Fort Worth

1996, pet. ref'd) (concluding that the exclusion of evidence is harmless if the jury hears similar evidence through other means).

We overrule Dillon's sole point.

## IV. CONCLUSION

Having overruled Dillon's sole point, we affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: June 5, 2025